(50 App. Div. 581.)

### TENOZA v. PELHAM HOD-ELEVATING CO. et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

DEPOSITION—EXAMINATION OF DEFENDANT BEFORE TRIAL TO DISCOVER WHETHER CAUSE OF ACTION EXISTS—ORDER—VALIDITY.

Under Code Civ. Proc. § 870, authorizing the examination of a party after issue joined in order to procure a deposition for use on trial, where plaintiff sued a corporation and certain individuals for death by wrongful act, an order for an examination of the corporation's officers on an affidavit which alleged that plaintiff desired an examination to find out the relationship of the corporation to the building in which decedent met his death, in order that plaintiff might discontinue as to the corporation, if the examination revealed it not liable, or otherwise amend her complaint, was improper, since the examination was asked, not to secure facts facilitating the statement of an ascertained cause of action, or to secure a deposition for use on trial, but to find out whether any cause of action really existed.

Appeal from special term, Kings county.

Action by Annie Tenoza, as administratrix, etc., against the Pelham Hod-Elevating Company and others. From an order denying a motion to vacate an order requiring the officers of the Pelham Hod-Elevating Company to submit to an examination before trial, the company appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Herbert C. Smyth (Edwin A. Jones, on the brief), for appellant.
Thomas F. Magner, for respondent.

HIRSCHBERG, J. The plaintiff's intestate was employed by the defendants Golliek and Smith, at work on the Arbuckle Sugar Building, in the borough of Brooklyn, and was killed by the breaking down of a scaffold. The action was brought for damages resulting to his widow and next of kin, and the Pelham Hod-Elevating Company is joined with said Golliek and Smith as a party defendant. The action is at issue, the defendant company having interposed a general denial. An order was granted requiring certain of the officers of the company to appear and be examined before trial, at the

plaintiff's instance, and from an order denying the defendants' motion to vacate such order this appeal is taken.

The affidavit on which the order for the examination of said defendant was granted contains the following allegations:

"That the plaintiff desires an examination of the officers of the defendant the Pelham Hod-Elevator Company, in order to find out what their exact relationship to the building in which the plaintiff's intestate met his death, and the elevator by which he met his death, and the staging thereabouts, exactly is, in order that she may either discontinue this action against the defendant the Pelham Hod-Elevator Company, if such investigation should reveal its nonliability, or for the purpose of preparing for trial, in order to amend her complaint for the purpose of recovering against the defendant the Pelham Hod-Elevator Company."

There are other allegations in the affidavit to the same general effect, and an allegation that the application is "made in good faith, for use before and at the trial"; but the purpose is made unmistakably plain that the examination is desired solely for the purpose of discovering whether any cause of action exists in favor of the plaintiff against the Pelham Hod-Elevating Company, with a view of amending the complaint if it does, and of discontinuing the action if it does not.

The Code authorizes the examination of a party after issue joined in order to procure a deposition which may be used upon the trial, but no authority is shown for the examination planned by the plaintiff herein. As was said in Churchman v. Merritt, 51 Hun, 375, 377, 4 N. Y. Supp. 246:

"It would seem that the plaintiff's real purpose in the examination of the defendant is not to obtain knowledge of facts which will facilitate the statement of a known and ascertained cause of action, but is rather to find out whether any cause of action whatever really exists in her behalf against these defendants or any of them. Under these circumstances, an examination of a defendant before trial is not authorized by the statute. To sanction it would be to permit investigation of the most harassing character, and give rise to a practice liable to grave abuse."

In Ziegler v. Lamb, 5 App. Div. 47, 48, 40 N. Y. Supp. 66, the court said:

"There is no provision allowing the examination of a party to an action before trial so as to enable his adversary to ascertain whether he has a cause of action against other persons not parties. The avowed object of this examination is to discover whether or not such persons exist, and we know of no principle that would justify the granting of such an application."

In Weston v. Reich, 48 Hun, 320, 1 N. Y. Supp. 412, it was held that an order for the examination of a defendant before the trial of an action will not be made when the object of the plaintiff in procuring the testimony of the defendant, as disclosed by the affidavits read on the motion, is to enable the plaintiff to prepare for the trial of the action, and that the plain spirit and intent of the Code is to permit the deposition to be taken only where the testimony is material and necessary to the party for use on the trial of the action.

In Beach v. Mayor, 14 Hun, 79, the court said (page 82):

"The provisions of the Code contemplate an examination of the party as a witness in the action itself, with the view to the use of his deposition as testimony upon the trial. But this application shows that the object was not

to get his testimony to use upon the trial, but to force him, by an examination, to furnish to the defendants the information necessary to enable them to look up witnesses to be used against him. This doubtless may be done by resorting to such an examination, as one of the necessary incidents to the taking of testimony, but, where it is stated to be the object and purpose of the examination, the party fails in material respects to comply with the requirements of the Code in his affidavit."

There are authorities in apparent conflict with the cases cited, but none in which the court has not professed to discover a purpose on the part of the applicant either to use the examination in the preparation of the complaint or as a deposition upon the trial. In Sweeney v. Sturgis, 24 Hun, 162, the application was made to procure testimony necessary and material to enable the plaintiff to prove her cause of action. The affidavit in the judgment of the court sufficiently disclosed an intention to use upon the trial the evidence which the applicant asked leave to take. In Re Molan, 70 Hun, 536, 24 N. Y. Supp. 238, the application was made for the purpose of preparing the complaint, and, as the court stated (page 539, 70 Hun, page 240, 24 N. Y. Supp.), was "not sought for the purpose of ascertaining whether the applicant has a cause of action, but to ascertain who the cause of action is against." In Olney v. Hatcliff, 37 Hun, 286, the application was avowedly for the purpose of procuring for use on the trial necessary and material testimony. There may be other similar cases in the books, and in some the courts may have permitted examinations which in their nature were inquisitorial rather than probative, but in none has the examination been permitted after issue for the sole purpose of enabling a party to determine whether to proceed with, or to discontinue, the action. The moving papers herein disclose no other purpose. Neither expressly or by inference is there any intention of using the examination upon the trial discoverable in the affidavit, and the application must be treated as made only with a view of ascertaining whether any cause of action exists.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.