## WATT v. FELTMAN et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

DISCOVERY—STATUTORY PROVISIONS—SUBJECT-MATTER OF EXAMINATION.

In an action for damages for personal injuries sustained by plaintiff while riding as a passenger in a coaster car, where the defendants denied that they owned the car on plaintiff's application and affidavit that he had no information on that subject, and that, though diligent inquiry and effort was made on his behalf, it was impossible to obtain any proof in regard thereto, and that all these facts were peculiarly within the personal knowledge of the defendants, it was proper for the court to order that the defendants be examined and their depositions taken, as prescribed by Code Civ. Proc. § 873.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 872, 873.]

Appeal from Special Term, Kings County.

Action by Edward Watt, by Alice Watt, his guardian ad litem, against Charles L. Feltman and another. From an order denying a motion to vacate an order for the examination of defendants before trial, they appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and RICH, JJ.

Joseph M. Gazzam, Jr., for appellants.
Bruce R. Duncan, for respondent.

RICH, J. This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff while riding as a passenger in a coaster car on a scenic railway known as "Ziz." Plaintiff alleged that this car was operated by the defendants upon their premises in Coney Island. Defendants denied this allegation, and after issue was joined an order was made, upon plaintiff's application, requiring that the defendants be examined and their depositions taken as prescribed by section 873 of the Code of Civil Procedure, where-

upon the defendants. moved at Special Term to vacate this order, and from the order denying the motion this appeal is taken.

It appeared in Tenoza v. Pelham Hod Elevating Co., 50 App. Div. 581, 64 N. Y. Supp. 99, to which our attention is called, that the application there was made for the sole purpose of discovering whether any cause of action existed, with the view of discontinuing the action if it did not, but we cannot say from the record before us that the application was for such a purpose. The defendants having denied that they owned and operated the car, plaintiff's cause of action fails unless it is shown upon the trial that they did. It appears by the affidavit of plaintiff's guardian ad litem, read on the application for the order, that neither she nor the plaintiff had any information upon the subject; that, "although diligent inquiry and effort has been made on behalf of the said plaintiff, it has been impossible to obtain any proof in regard thereto or to learn where said proof can be found. All those facts are peculiarly within the personal knowledge of the defendants." Plaintiff would have a right to call the defendants as witnesses upon the trial, and it is equally clear that their evidence can be taken before trial. Vial v. Jackson, 73 App. Div. 355, 76 N. Y. Supp. 668; Sweeney v. Sturgis, 24 Hun, 162; Matter of Application of Nolan, 70 Hun, 536, 24 N. Y. Supp. 238; Clark v. Wilcklow, 75 Hun, 290, 27 N. Y. Supp. 43.

We think, therefore, that the order was properly granted, and the order of the Special Term must be affirmed. All concur.