(112 App. Div. 657)

JACOBS et al. v. MEXICAN SUGAR REFINING CO., Limited, et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

DISCOVERY—EXAMINATION BEFORE TRIAL—PERSONS WHO MAY BE EXAMINED—
CORPORATE OFFICERS:
  Where an order was made for the examination of a corporate defendant through an officer of the corporation before trial, pursuant to Code Civ. Proc. §§ 871–873, it was error, on vacating the order so far as it required an examination of the corporation, to continue it as to the officer, though it appeared that he was about to leave the state; it not being claimed that the officer individually, apart from his connection with the corporation and ability to testify from its records, possessed any information material to plaintiff's cause of action.

Appeal from Special Term, New York County.

Action by Solomon R. Jacobs and another against the Mexican Sugar Refining Company, Limited, and another. From so much of an order

as authorized an examination of James B. Craven, one of the officers of defendant the Mexican Sugar Refining Company, defendants appeal. Affirmed.

See 93 N. Y. Supp. 776.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

William P. S. Melvin, for appellants.

G. H. Engelhard, for respondents.

LAUGHLIN, J.  On ex parte application of the plaintiffs, a justice of this court ordered the examination of both defendants through their officers, after issue joined and before trial, pursuant to the provisions of sections 871,. 872, and 873 of the Code of Civil Procedure. The defendants moved on notice to vacate this order, and the order, in so far as it required an examination of the corporations through their officers, was vacated.  But it was assumed by the learned justice presiding at the Special Term that the order authorized the examination of James B. Craven either individually or as secretary and treasurer of the Mexican Sugar Refining Company, as distinguished from an examination of the corporation as a party, and in that respect the order was continued.  In this the learned justice was in error.  There is no authority to examine an officer of a corporation as such apart from the examination of the corporation.  The provisions of the Code of Civil Procedure authorize the examination of a party, including a corporation, and prescribe that where the party is a corporation the examination shall be had by examining one or more of its officers.  The proper practice in such a case is to authorize the examination of the party, and then, the party being a corporation, the order should provide that the information is to be elicited by an examination of certain of its officers.  The order, in so far as it authorized the examination of Craven, appears to have been granted upon the theory that he was about to depart from the state, and would not return thereto.  Of course, the plaintiffs could perpetuate the testimony of Craven individually upon this ground; but the application was not made upon this theory, and it is not claimed that Craven individually, apart from his connection with the corporation and ability to testify from its records, possesses any information material to the plaintiffs' cause of action.  It is evident, therefore, that if the learned Special Term was right in holding that the moving papers did not show a right to the examination of the party, the order should have been vacated in toto, instead of modified, as was done.  Having reached the conclusion, however, on an appeal by the plaintiffs from so much of the order as deprived them of the right to examine the corporations, that the examination was authorized, we cannot reverse that part of the order which is appealed from by the defendants.

It follows that the order so far as appealed from should be affirmed, but without costs.  All concur.