SHUMAKER et al. v. DOUBLEDAY, PAGE & CO.

(Supreme Court, Appellate Division, First Department.  December 7, 1906.)

1. DISCOVERY — EXAMINATION BEFORE TRIAL — EXAMINATION OF CORPORATE OFFICERS.

In an action against a corporation, an examination of an officer thereof, as such, cannot be had apart from an examination of the corporation itself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 63.]

2. SAME.

Motion for order for an examination of a corporate defendant before trial was properly denied where it appeared that the real purpose of the order was to obtain an inspection of defendant's papers and records, under the guise of an examination of its officers, and that the officers sought

to be examined had never had any personal knowledge concerning such records, and had therefore no memory to be "refreshed" by consulting them.

Appeal from Special Term.

Action by Frank W. Shoemaker and another against Doubleday, Page & Co. From an order denying an order to vacate an order for an examination before trial, defendant appeals. Reversed.

Argued before PATTERSON, INGRAHAM, CLARKE, SCOTT, and LAUGHLIN, JJ.

Frederic R. Kellogg, for appellant.
Sidney Rosenbaum, for respondents.

SCOTT, J. The order for examination, which the order appealed from refused to vacate, is addressed to Frank N. Doubleday, president, and Samuel A. Everitt, treasurer, of the defendant corporation. It does not purport to require the company to be examined, but runs against its officers individually. It has recently been decided by this court that there is no authority for such an examination of an officer of a corporation as such apart from the examination of the corporation itself. Jacobs v. Mexican Sugar Co., 112 App. Div. 655, 98 N. Y. Supp. 541. For this reason alone the motion to vacate should have been granted, and the order appealed from must be reversed.

Apart from this consideration, we think that the motion should have been granted on the merits. It was made quite clearly to appear that the real purpose of the order was to obtain an inspection of defendant's papers and records, under the guise of an examination of its officers, and that the officers sought to be examined had never had any personal knowledge concerning these records, and had, therefore, no memory to be "refreshed" by consulting them. While this court is committed to the doctrine that the provisions of law respecting the examination of parties before trial should be construed and applied with liberality in the interest of justice, we are not disposed to permit the procedure in this regard to be used for purposes not warranted by the Code, which prescribes a quite different method of procedure when a party is entitled to and desires an inspection of his opponent's books and papers.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.