MEADE v. SOUTHERN TIER MASONIC RELIEF ASS'N.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—SUFFICIENCY OF AFFIDAVIT.

An affidavit for an order for examination of an adverse party before the trial was not insufficient, as being upon information and belief, where the statements of the informer were not the sole source of the affiant's belief, but it was also based upon documents purporting on their face to have been issued by the adverse party.

2. WITNESSES—PRIVILEGE—INCRIMINATION OF CORPORATION BY OFFICER.

The privilege of a witness does not operate to excuse him from incriminating a corporation whose officer he is.

3. DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—PRIVILEGE OF WITNESS.

An order for examination of an adverse party before trial should not be withheld because the witness may be privileged, since the opportune time to assert such privilege is upon the examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 56.]

4. SAME—CORPORATE OFFICERS.

Code Civ. Proc. §§ 870, 872, 873, providing for the taking of depositions of parties to actions before the trial, does not authorize the examination of an officer of a corporation as such, apart from the examination of the corporation itself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 63.]

Appeal from Special Term, Chemung County.

Action by Nicholas R. Meade against the Southern Tier Masonic Relief Association. From an order denying a motion to vacate an order for the examination of defendant's secretary before trial, defendant appeals. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Reynolds, Stanchfield & Collin, for appellant.

Allen & Sabine, for respondent.

CHESTER, J. The action is brought to recover what is claimed to be the amount remaining unpaid on a beneficiary certificate issued by the defendant association upon the life of one William Conard for $3,000. He died in November, 1905, and the defendant paid to the beneficiaries under the certificate the sum of $866.13. Thereafter the executor of the estate of Conard and the beneficiaries under the certificate assigned their right to recover the balance of $2,133.87 to this plaintiff. The action is on the theory that the defendant fraudulently concealed from Conard the fact that it was not paying its certificates in full, to induce him to pay his premiums for many years, in the belief that his certificate was good for the full amount of its face value.

The defendant objects to the affidavit upon which the order for the examination was made on the ground that it was made on information and belief, and was not accompanied by the affidavit of the informer, and no reason was given for the failure to produce it. The sources of the affiant's information and the grounds of his belief are stated, and are said to be information received from a son of the insured, and from an examination of notices of assessment and papers found in the possession of the insured at the time of his death, purporting to have been issued by the defendant. The statements of the son, therefore, were not the sole source of the affiant's information, but he had for his information documents purporting on their face to have been issued by the defendant. The authorities condemning affidavits made on information and belief are where the statements of the informer were the sole source of the affiant's belief, and therefore are not applicable to this affidavit. In the affidavit it is stated that the reason why the examination of Beers is desired before trial, rather than at the trial, is because all the formal proof of the matters alleged and the custody of the documents, books, and records of the defendant relating thereto are exclusively in the control of the defendant and of said Beers, and cannot be obtained from any other source.

The right to the examination of the defendant here is fully sustained by the very recent and well-considered case of Goldmark v. U. S. E. G. Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, and in the subsequent case of McKeand v. Locke, 115 App. Div. 175, 100 N. Y. Supp. 709. In the last-named case it was said, in reference to the Goldmark Case:

"That decision sweeps away many technical rules which were fast growing up in the practice of examining one's adversary before trial, and establishes the rule for this department that, in the absence of bad faith or the abuse of process, a party to an action is entitled to examine his adversary before trial as to facts which are material to the issues, and of which he has knowledge, and take his deposition for use on the trial, and that it is no answer to such application that the party making it can procure the evidence from other persons, or could subpœna his opponent for the trial."

It is also objected that the examination may require Beers to incriminate himself, or subject himself or the defendant to a penalty; but that objection is deprived of any force, as it appears that any criminal prosecution and any action to recover a penalty for any of the acts complained of is barred by the statute of limitations, and, if they were not, the privilege of a witness does not operate to excuse him from incriminating a corporation whose officer he is. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652; Nelson v. United States, 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673. Even if the witness is privileged, the opportune time to assert such privilege is upon the examination, and the order should not be withheld for that reason.

The defendant makes the further objection that the statute under which the examination is ordered (sections 870, 872, and 873, Code Civ. Proc.) does not authorize the examination of an officer of a corporation as such, apart from the examination of the corporation itself. There appears to be force in this objection. While in the recital for the order for examination it is stated that this is a proper case for an examination of the defendant before trial, yet the order in form is simply one for the examination of the secretary of the defendant, and not of the defendant. There appears to be no authority in the provisions of the Code referred to for the examination of an officer of a corporation party before trial, separate from the examination of the corporation itself. This has been expressly so held in the recent case of Jacobs v. Mexican Sugar Refining Co., 112 App. Div. 657, 98 N. Y. Supp. 542. It is there said that:

"There is no authority to examine an officer of a corporation as such, apart from the examination of the corporation. The provisions of the Code of Civil Procedure authorize the examination of a party, including a corporation, and prescribe that, where the party is a corporation, the examination shall be had by examining one or more of its officers. The proper practice in such a case is to authorize the examination of the party, and then, the party being a corporation, the order should provide that the information is to be elicited by an examination of certain of its officers."

This case was followed in Shumaker v. Doubleday, 116 App. Div. 302, 101 N. Y. Supp. 587.

Nevertheless it is apparent here that the plaintiff desired an order for the examination of the defendant by examining its secretary, and the moving papers were ample to sustain such an order, yet for some reason the order was made to run against the secretary alone. We think that, instead of denying the motion to vacate the order to examine, the Special Term should have modified it, so that it should have been in form one to examine the defendant, by requiring its secretary to appear before the referee and be examined, and requiring the defendant, through him, to produce the books and papers mentioned in such order.

Order modified accordingly, and, as modified, affirmed, with $10 costs and disbursements. All concur.