(56 Misc. Rep. 435.)

## MARJORI v. WADDINGTON.

(Supreme Court, Appellate Term. November 29, 1907.)

DEPOSITIONS—APPLICATION FOR ORDER—REQUISITES IN GENERAL.

Code Civ. Proc. § 872, requires the affidavit in support of an application for a party's examination to show that his testimony is material and necessary for the party making such application, and General Rules of Practice, rule 82, requires this to be done by a specification of the facts showing that the examination is material and necessary. A tenant sued his landlord for damages by the collapse of the building rented. Upon an affidavit claiming that the landlord's possession and control of the building at the time of the collapse was material and necessary, and setting out facts to support such issue, the tenant procured an order directing the landlord to "be examined on behalf of plaintiff upon the issue in the case." *Held,* that the order should limit the examination to the single issue of possession and control, since an affidavit showing the materiality and necessity of an examination of an adverse party concerning but one of several issues does not justify an order for a general examination.

Appeal from City Court of New York, Special Term.

Action by Giuseppe Marjori against George Waddington. From a refusal to vacate or modify an order for defendant's examination before trial, he appeals. Order modified.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Robinson, Biddle & Ward, for appellant.
Wentworth, Lowenstein & Stern, for respondent.

LEVENTRITT, J. The plaintiff alleges that through the collapse on September 7, 1905, of the building No. 202 Grand street, of which he occupied the third floor, his goods were damaged. He ascribes his loss to the negligence of the defendant. The allegation in the complaint bearing upon the defendant's liability is as follows:

"Upon information and belief, that on or about the 7th day of September, 1905, the defendant was in possession and had control of the real estate and premises known as No. 202 Grand street, borough of Manhattan, city of New York, and received the rents and profits thereof."

By his answer the defendant admits the collapse of the building and the receipt by him of certain rents and profits from the premises; but he denies the other allegations of the complaint. The plaintiff procured an order for the examination of the defendant before trial. This appeal follows a refusal to vacate or modify that order.

The plaintiff's affidavit on which the order was based satisfied all the requirements of the Code (section 872) and the rule (rule 82, General Rules of Practice) regulating the taking of depositions. There is no suggestion of bad faith or of ulterior purpose. Therefore, under the salutary rule which now prevails, the plaintiff acquired the right to an examination. Watt v. Feltman, 111 App. Div. 314, 97 N. Y. Supp. 737; Goldmark v. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Turck v. Chisholm, 53 Misc. Rep.

110, 103 N. Y. Supp. 1095; Hill v. McKane, 115 App. Div. 537, 101
N. Y. Supp. 411; Shonts v. Thomas, 116 App. Div. 854, 102 N. Y.
Supp. 324; Istok v. Senderling, 118 App. Div. 162, 103 N. Y. Supp.
13; Donaldson v. Brooklyn Heights R. R. Co., 119 App. Div. 513,
104 N. Y. Supp. 178.

The order, however, is too broad. The Code requires that the af-
fidavit upon which the order rests shall contain the assertion "that
the testimony  *  *  *  of such person is material and necessary
for the party making such application"; and this requirement is
amplified by the rule, which compels a justification of that assertion
by a specification of "the facts and circumstances which show  *  *  *
that the examination of the person is material and necessary." In his
affidavit the plaintiff makes no claim that the testimony sought to be
adduced is either material or necessary, except as to the single issue—
the defendant's "possession and control of the said premises at and
prior to September 7, 1905"; and his specification of the facts and
circumstances called for by the rule is likewise limited to that one
issue. Notwithstanding that the plaintiff did not assert that there
was occasion to take the defendant's deposition respecting any other
issue, he procured an order which directed that the defendant "be
examined on behalf of the plaintiff upon the issue in this action."

Papers which show the materiality and necessity of an examination
of an adverse party concerning but one of several issues will not jus-
tify an order for a general examination. The Code permits the ex-
amination of an adverse party to the extent that the applicant proves
such examination to be material and necessary, and not beyond. The
order appealed from should therefore be modified, so as to confine
the examination to the facts with respect to the defendant's posses-
sion and control of the premises No. 202 Grand street at and prior
to September 7, 1905.

Order, as so modified, affirmed, with disbursements, but without
costs. All concur.