(127 App. Div. 823.)

ELY v. PERKINS et al.

(Supreme Court, Appellate Division, Fourth Department.    July 7, 1908.)

1. DISCOVERY—VACATING ORDER—GROUNDS—INCRIMINATING MATTER.

An order for the examination of a defendant to enable plaintiff to make his complaint will not be vacated on the ground that defendant would not be obliged to testify because his answers might criminate him, since the privilege may not be insisted on, and since the answers as to some matters might not criminate him, so that the time to raise the question of privilege is when the examination is had.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 56.]

2. SAME—SERVICE OF ORDER—SUFFICIENCY.

Under Code Civ. Proc. § 875, providing that where a party has not appeared in the action the order for his examination and the affidavit on which it was granted must be served on him as directed by the order, an order for examination of a defendant who resides in a foreign country, and who has not been served with summons, and on whom no service has been attempted which directs the service of the order for examination, and the affidavits on which it was made, to be made on him by mail, is sufficient.

Appeal from Special Term, Erie County.

Action by W. Caryl Ely against Erickson Perkins and others, comprising the co-partnership of Spader & Perkins. From an order (57 Misc. Rep. 361, 108 N. Y. Supp. 613) vacating an order for the examination of a defendant for the purpose of enabling plaintiff to make his complaint, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Kenefick, Cooke & Mitchell and E. H. Letchworth, for appellant.
Joseph G. Dudley, for respondent.

WILLIAMS, J.   The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   The specific ground upon which the order was vacated was that the party sought to be examined would not be obliged to testify with reference to matters about which plaintiff desired to examine him—that there was a privilege, inasmuch as his answers might tend to criminate him.   We think this was not a sufficient reason for making the order appealed from.   The privilege may not be insisted upon when the party is called to answer, and as to some or all of the matters his answers might not tend to criminate him at all.   The better time to raise the question of privilege is when the examination is had.   Ryan v. Reagan, 46 App. Div. 590, 62 N. Y. Supp. 39; Matter of Sayre, 70 App. Div. 329, 75 N. Y. Supp. 286.

But the respondent claims the order for the examination was properly vacated for the reason that there was no proper service of the order and affidavits upon one of the defendants, Beaty.   All the other defendants had appeared in the action and were properly served. Beaty resided in Canada and had not been served with summons. The order for examination directed the service of the order and affidavits to be made upon him by mail, and that such service should be sufficient to comply with section 875 of the Code of Civil Procedure, and service was so made.   The respondent claims that such service was insufficient, and no service upon Beaty could be made, so as to comply with the Code, so long as Beaty was a nonresident and had not been served with a summons in the action.   The section of the Code (875) provides that, if a party has not appeared in the action, the service shall be made upon him as directed by the order.   I think the order and compliance with its terms were a sufficient service in this kind of a proceeding.

The case was here on appeal from a former order, reported in 121 App. Div. 893, 105 N. Y. Supp. 1114.   This question was not then passed upon.   There had then been no attempted service upon Beaty, and no order directing the manner of such service.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.