SOLAR BAKING POWDER CO. v. ROYAL BAKING POWDER CO. et al.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. TRADE-MARKS AND TRADE-NAMES (§ 97*) — INFRINGEMENT — INJUNCTION— GROUNDS.

In a suit to enjoin the use of a trade-name and from conspiring to deprive plaintiff of its use, if the right to and ownership of the name is in defendants, or one of them, plaintiff would not be entitled to the relief demanded.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 97.*]

2. CONSPIRACY (§ 14*)—CIVIL LIABILITY—JOINT LIABILITY.

If defendants conspired together to injure plaintiff's business, and wrongfully deprived him of the use of a trade-name, each of the defendants would be responsible for the wrongful acts of the other.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 14; Dec. Dig. § 14.*]

3. DISCOVERY (§ 40*)—SCOPE OF EXAMINATION—FACTS SUPPORTING COMPLAINT.

In a suit to enjoin defendants from conspiring to deprive plaintiff of the use of a trade-name, upon the granting of an order for the examination of one of defendants, plaintiff was entitled to examine such defendant to show an infringement of his rights by it, as well as its participation in the alleged conspiracy and wrongful acts of the others; but the examination should be limited to showing the use of the trade-name and the relations between the defendants to the extent necessary to show the witness' liability for its own acts and those of other defendants done in furtherance of the unlawful conspiracy.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 40.*]

4. DISCOVERY (§ 61*)—MOTION—SCOPE—DUTY OF COURT TO LIMIT.

Though a motion was to vacate in toto an order for the examination of one of defendants, where it also demanded other and further relief, if the order for the examination was too broad, the court should have modified it by confining the examination to matters material both as to issues and the witnesses called, even though the motion to vacate was not allowed, and it could have done so on its own motion.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

5. DISCOVERY (§ 37*)—IN EQUITY—MATTERS WHICH MAY BE INVESTIGATED.

In a suit to enjoin defendants from depriving plaintiff of the use of a trade-name and for an accounting, upon granting of a motion for the ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

amination of one of defendants, since the question of the amount of damages to which plaintiff is entitled will only arise, if at all, upon the accounting, no examination is necessary before trial to show such damages.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

6. DISCOVERY (§ 41*) — MATTERS WHICH MAY BE INVESTIGATED — PRIVILEGED COMMUNICATIONS—TRADE SECRETS.

In a suit to enjoin defendants from depriving plaintiff of the use of a trade-name, an order for the examination of one of defendants having been allowed, an examination as to the witness' legitimate trade secrets and methods is not necessary or material, and should be denied.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

7. DISCOVERY (§ 44*)—OBJECTIONS TO EXAMINATION—PRIVILEGE OF WITNESS.

An examination of the officers of a corporation defendant before trial will not be denied, on the ground that the examination will tend to convict the corporation of a crime, where it appears that the officers may be able to give material testimony which would not be privileged; but in such case the witness should be left to assert his privilege when the question calling for an answer which might tend to incriminate is propounded.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 58; Dec. Dig. § 44.*]

8. DISCOVERY (§ 51*)—MATTERS WHICH MAY BE INVESTIGATED—SCOPE OF MOTION.

In a suit to enjoin defendant corporations from depriving plaintiff of a trade-name, a motion for an order for the examination of one of them should point out definitely which of its officers are likely to have personal knowledge of the facts desired, since all the officers of the witness should not be examined unless it becomes necessary to secure the desired information.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

Suit by the Solar Baking Powder Company against the Royal Baking Powder Company and others. From an order denying a motion to vacate an order for the examination of the defendant the Royal Baking Powder Company, it appeals. Order affirmed as modified.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John M. Bowers (W. H. Van Benschoten, on the brief), for appellant.

Philip Carpenter (Frank Parker Ufford, on the brief), for respondent.

LAUGHLIN, J. Plaintiff and the corporate defendants are competitors in the business of manufacturing and selling baking powder. The plaintiff, claiming the exclusive right to use the word "Solar" as an unregistered trade-mark and as a trade-name in advertising and selling its baking powder, brings this action to enjoin the defendants from using it, and also bases its demand for injunctive relief on the ground of unfair competition in trade; it being alleged that the defendants have unlawfully agreed to ruin plaintiff's business and are now engaged in carrying out their conspiracy, the general nature of which is stated. An accounting for damages alleged to have been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

caused by the wrongful acts of the defendants in execution of the conspiracy is demanded, and there are also allegations tending to show that the acts of the other defendants, of which complaint is made, were for the benefit of and were instigated by appellant, and it is responsible upon that theory also for their acts.

It is quite probable that plaintiff's right to injunctive relief hinges on its right to the exclusive use of the word "Solar" as a trade-mark or trade-name. The allegations with respect to the conspiracy and wrongful acts appear to be predicated upon plaintiff's exclusive right to use this trade mark or name, for defendants are charged with having plotted and schemed to deprive plaintiff of the fruits of such right and ownership. If this right and ownership be in the defendants, or one of them, and not in the plaintiff, then it is not clear that any of the acts complained of would afford ground for relief in equity or would even be wrongful. However, the allegations with respect to the use of the word "Solar" by defendants, and which would make each responsible to plaintiff for the acts of the other, and would make appellant accountable for the acts of the other defendants, are put in issue, and if the plaintiff should succeed in establishing an exclusive ownership in or right to use the word "Solar" as a trade-name or trade-mark, then it would be essential for it to show that appellant has trespassed upon its rights with respect to the use of the same and is accountable for the acts of the other defendants as well. The plaintiff is entitled to examine appellant for that purpose, not only concerning the personal acts of appellant, but also with respect to the alleged conspiracy and the wrongful acts of others in furtherance thereof, so far as embraced within the issues, because appellant may not itself have committed any of the wrongful acts, and yet if it unlawfully conspired to induce another party to violate the rights of the plaintiff or induced such violation for its own benefit and advantage, it would be responsible and accountable for the acts of such other party in furtherance of the unlawful conspiracy or within the scope of such agency or employment, and might be enjoined from further consummating the conspiracy or scheme. The examination, however, should be limited to these matters.

It is contended that, since it is admitted by the pleadings that the predecessor of defendant, the Independent Baking Powder Company, used the word "Solar" in some localities on packages of baking powder prior to the use thereof by plaintiff, and that, subsequent to use thereof by plaintiff, appellant procured its registration in the name of said Independent Company, plaintiff cannot succeed. Plaintiff does not concede that the prior use of this word by the predecessor of the Independent Company was such that it acquired any right to use the same as a trade mark or name. That is one of the issues to be tried. The learned justice at Special Term evidently was of opinion that the scope of the order was too broad, but declined to modify it upon the ground that such defect was not pointed out in the moving papers and that relief in that regard was not expressly demanded. The motion was to vacate the order in toto, it is true; but there was the usual demand for other and further relief. In such case, even though the motion to vacate the order failed, we think the court was authorized to modify the

order by properly limiting and confining it to those things which are shown to be material and necessary both with respect to issues and to witnesses, and that it was the duty of the court to do so on attention being drawn, on the argument of the motion, to the fact that the scope of the order was too broad, and the court might have done it, as this court often does, on its own motion.

If the plaintiff succeeds, the usual course of procedure will be to decree an interlocutory judgment, adjudging with respect to injunctive relief and with respect to the liability of the respective defendants to account, and directing an accounting. The quantum of damages will only arise, if at all, on an accounting, and no examination is now necessary therefor. An examination extending to appellant's legitimate trade secrets and methods is neither necessary nor material, and should not be permitted. The examination should be limited to showing the use of this trade mark or name, and the relations between appellant and either or both of the other defendants material to a decision of the question as to appellant's liability for its own acts and for their or either of their acts. It is urged that the examination will tend to convict appellant of a crime, and that therefore the order should not be granted. It is manifest that the officers of appellant may be able to give material testimony on some of the issues which would not be privileged, and in such cases, at least, the witness should be left to assert his privilege when a question calling for an answer which might tend to incriminate is propounded. Skinner v. Steele, 88 Hun, 311, 34 N. Y. Supp. 748.

The order provides for the examination of every officer of the appellant at the same time and place. No necessity for this is shown. It is manifest that this would be an unnecessary annoyance and inconvenience to a going business corporation. Of course, if it should become necessary, the officers may all be examined; but that should be from time to time, as the necessity is made to appear and in a manner to avoid unnecessary inconvenience. The moving papers should have pointed out more definitely which officers are likely to have personal knowledge; for two should not be ordered examined if one will suffice, and, if the examination of two or more be necessary, the facts showing this should be stated. Marjori v. Woodington, 56 Misc. Rep. 435, 107 N. Y. Supp. 197. It is a reasonable inference, however, that the treasurer would know about the financial relations and transactions between defendants embraced within the allegations of the complaint, and probably that the secretary would know about the correspondence and the minutes of action taken by the board, if any, in the premises. There is also an intimation, and some ground to believe, that the second vice president possesses knowledge material to a decision of the main issues. There is nothing to indicate that the other officers have any material knowledge on these questions.

The order should therefore be modified by limiting the examination to the second vice president, secretary, and treasurer, as herein indicated, and, as thus modified, affirmed, without costs and without prejudice to a renewal of the application for the examination of one or more of the other officers as may be found necessary after this examination, and, as thus modified, affirmed, without costs. All concur.