HERRMAN v. J. F. TAPLEY CO.

(Supreme Court, Special Term, New York County.    September 7, 1909.)

DISCOVERY (§ 49*)—EXAMINATION BEFORE TRIAL—EXAMINATION OF CORPORATE OFFICERS.

In an action against a corporation, an examination of an officer thereof as such cannot be had apart from an examination of the corporation itself, but the proper practice is to authorize the examination of the party, and then, the party being a corporation, the order should provide that the information is to be elicited by an examination of certain of its officers.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 49.*]

Action by Lorenz P. Herrman against the J. F. Tapley Company. Motion to vacate an order requiring defendant's officers to appear for examination.    Motion granted.

Herbert N. Warbasse, for the motion.

Eidlitz & Hulse, opposed.

GIEGERICH, J.    The order in question requires the defendant's president and the defendant's secretary to appear for examination with reference to the issues raised by the answer, and especially with reference to the identity of the defendant "as the negligent tort feasor herein."    The order does not purport to require the company to be examined, but it is directed against its officers individually.    It is well settled that there is no authority for the examination of an officer of a corporation as such apart from the examination of the corporation itself.    Jacobs v. Mexican Sugar Refining Co., Lim., No. 2, 112 App. Div. 657, 98 N. Y. Supp. 542; Shumaker v. Doubleday, Page & Co., 116 App. Div. 302, 101 N. Y. Supp. 587.    As was said by the court in Jacobs v. Mexican Sugar Refining Co., Lim., No. 2, supra, page 658 of 112 App. Div., page 543 of 98 N. Y. Supp.:

"The proper practice in such a case is to authorize the examination of the party, and then, the party being a corporation, the order should provide that the information is to be elicited by an examination of certain of its officers."

As this was not done in the present case, the motion to vacate the order must be granted.    Motion granted, with $10 costs.