### SMART SET SHIRT CO. v. ROBERTS.

(Supreme Court, Appellate Term, First Department.   June 14, 1916.)

DISCOVERY ☞43—EXAMINATION BEFORE TRIAL—ACTION FOR CONVERSION.

An order for examination of defendant before trial is proper, in an action for conversion involving moral turpitude of defendant, and should not be set aside, where no claim of privilege is made.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 56; Dec. Dig. ☞43.]

Appeal from City Court of New York, Special Term.

Action by the Smart Set Shirt Company against Walter S. Roberts. From an order of the City Court, vacating an examination of the defendant before trial, plaintiff appeals. Reversed, and remanded for examination.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Sykes, McCole & Potter, of New York City (Edw. Potter, of New York City, of counsel), for appellant.

Austin, McLanahan & Merritt, of New York City (H. Preston Coursen, of New York City, of counsel), for respondent.

BIJUR, J. The complaint charges the defendant with conversion, and the examination before trial was obtained on an appropriate affidavit. The learned judge below granted the motion to vacate on the ground that, as "confession of crime or moral dereliction is not to be looked for in a defended cause," it is a legitimate inference that the plaintiff could not expect in good faith to use defendant's evidence on the trial. Similar reasoning has been repeatedly disapproved since the decision of Kornbluth v. Isaacs, affirmed on the opinion of Mr. Justice Lehman, in 149 App. Div. 109, 133 N. Y. Supp. 737. There is no reason why plaintiff should not prove general facts and circumstances upon which his cause of action is based by the testimony of the chief actor therein, namely, the defendant.

Appellant urges, however, that since the effect of the allegations of the complaint is to charge the respondent with the crime of larceny, the examination should not be granted. The judge below expressly disapproved of this reason for vacating the order, and we think properly. In the first place, this case differs from the one cited by respondent, namely, People's, etc., Supply v. Light, 168 App. Div. 142, 153 N. Y. Supp. 330, in that the allegations of the complaint do not necessarily charge a crime. See, for example, Penal Law (Consol. Laws, c. 40) § 1306. Moreover, the defendant, in his affidavit to vacate the order, makes no claim of privilege. Under such circumstances, surely, such claim, if ever made, is to be left to the time of examination. Solar Co. v. Royal Co., 128 App. Div. 550, 112 N. Y. Supp. 1013. See also Ely v. Perkins, 127 App. Div. 823, 112 N. Y. Supp. 122; Meade v. Association, 119 App. Div. 761, 104 N. Y. Supp. 523.

Order reversed, with $10 costs and disbursements, and case remitted to the lower court to fix date for examination. All concur.