■ MARY I. STONE, Appellant, v. METROPOLITAN LIFE INSURANCE CO., Defendant, and OLIVE WEINSTEIN et al., Respondents.— In an action to recover the proceeds of an insurance policy and for other relief, the plaintiff appeals from an order of the Supreme Court, Queens County, dated December 8, 1960, which granted conditionally the defendant Weinstein's motion to preclude the plaintiff from giving any testimony on the trial in support of the particulars required to be furnished pursuant to a demand for a bill of particulars dated October 26, 1960, served by defendants Weinstein and Borges. Order reversed, with $10 costs and disbursements payable by the defendant Weinstein, and motion denied without prejudice to an application for a bill of particulars or other relief pursuant to paragraph (c) of subdivision (9) of the Statement of Readiness Rule, as the parties may be advised. On June 30, 1960, a note of issue and Statement of Readiness were served for the September 1960 Term. On or about October 26, 1960, a demand for a verified bill of particulars was served on plaintiff's attorney who, on October 27, 1960, returned it upon the ground that the demand was not timely since the action was on the calendar. After an action has been placed on a calendar, if the defendant has made no motion to strike it from the calendar in accordance with the Statement of Readiness Rule, a bill of particulars may be obtained only by order of the court as prescribed by paragraph (c) of subdivision (9) of the rule (see, e.g., *Needleman* v. *Parion Theatre Corp.,* 12 A D 2d 791). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ THOMAS C. TOOLEY, Individually and on Behalf of All Others Similarly Situated, et al., Appellants, v. EXEMPT FIREMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF YONKERS, Respondent.— In an action for a declaratory judgment and an accounting, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated September 28, 1960, denying their motion, pursuant to sections 288 and 296 of the Civil Practice Act, to examine defendant before trial and to compel defendant to produce specified documents upon the examination. Order affirmed, without costs, and with leave to plaintiffs, if so advised, to renew their motion to examine defendant before trial respecting, however, only such matters as are relevant and material to plaintiffs' *right* to a declaratory judgment and an accounting. Since defendant took no appeal from the order denying its motion to dismiss the complaint, it is presently the law of this case that plaintiffs have standing to sue and that the complaint herein states a cause of action. However, the law is well settled that before plaintiffs may be granted an accounting they must establish their right to one (*Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Munsell,* 11 A D 2d 698; *Moffat* v. *Phoenix Brewery Corp.,* 247 App. Div. 552; *Lundberg* v. *Potter,* 193 App. Div. 885; *Slaughter* v. *Turkel,* 146 App. Div. 620; *Solar Baking Powder Co.* v. *Royal Baking Powder Co.,* 128 App. Div. 550). Until there is a determination that plaintiffs are entitled to participate in the benefits of the moneys in question, it cannot be said that evidence as to details of the account, sought by the instant motion, will ever be needed. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.