## SUPREME COURT.

ROBERT B. BYASS agt. JAMES SULLIVAN and others.

In an action for an account and payment of profits and for damages, on the ground that the defendant had been unlawfully copying and using the plaintiff's *trade mark or label* on bottled porter, the defendant, on being called as a witness, refused to answer the following questions, upon the ground that his answer would tend to convict him of a criminal offence, under the act of April 1, 1850, (*Laws of* 1850, *p.* 197) to wit:

1st. Have you, within the last six years, used labels like those set forth in the complaint, on American porter, bottled by you ?

2d. Were there, on any of the bottles, labels like those of the plaintiff, as set forth in the complaint ?

3d. Have you sold porter, within the last six years, as and for an imitation of Byass London porter ?

4th. Did you, at any time during the three years ending May 1, 1857, put American porter in bottles and label them with labels like those attached to the complaint in this action ?

*Held* that the defendant was privileged from answering the first, second and fourth questions, but was not privileged from answering the third question.

*Held*, also, that the same rule of law which excuses a witness from answering questions which may tend to convict him of a crime or misdemeanor, excuses him from producing books or papers, which may be used as evidence against him tending to the same result.

*New York Special Term, July,* 1860.

BONNEY, Justice.   The plaintiff by his complaint states that defendants have been unlawfully copying and using his trade mark or label on bottled porter, viz: "Best Stout Porter, from R. B. Byass, London," *with fac simile of his signature underwritten,* and demands judgment that they be enjoined from further using such trade mark, and for an account and payment to him of profits realized by defendants on sales of porter with such label, and for damages.

By order, made on 23d March, it was referred to a referee to ascertain and report the amount of damages (if any) sustained by the plaintiff by reason of defendants' use of said trade mark.

The defendant, Sullivan, has been called as a witness for

plaintiff on such reference, and the following questions have been proposed to him, which he refused to answer:

1st. Have you, within the last six years, used labels like those set forth in the complaint, on American porter bottled by you?

2d. Were there, on any of the bottles, labels like those of the plaintiff, as set forth in the complaint?

3d. Have you sold porter, within the last six years, as and for an imitation of Byass' London porter?

4th. Did you, at any time during the three years ending May 1, 1857, put American porter in bottles and label them with labels like those attached to the complaint and copy complaint in this action?

The referee decided that said questions were proper to be put and answered.

The witness (defendant Sullivan) refused to answer upon the ground that his answer would tend to convict him of a criminal offence committed within the last three years, and therefore he could not be required to answer.

The objection is based upon the act passed April 1, 1850, (*Laws of* 1850, *ch.* 123, *p.* 197, § 3,) which provides that " every person who shall *vend* any goods, &c., having thereon any forged or counterfeited stamps or labels imitating, resembling or purporting to be, the stamps or labels of any mechanic or manufacturer, knowing the same to be forged or counterfeited, and resembling or purporting to be imitations of the stamps or labels of such mechanic or manufacturer, without disclosing the fact to the purchaser, shall, upon conviction, be deemed guilty of a misdemeanor, and shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars."

The referee asks the judgment of the court whether or not the witness shall be compelled to answer said questions.

It is well settled law that a witness shall not be compelled on examination to answer a question, when the answer may

be given in evidence against him under any indictment, and may tend to convict him of any crime or misdemeanor. (1 *Greenl. Ev.*, §451; 3 *Phillip's Ev., C. & H. notes, p.* 734, *note* 516, *and cases cited.*)

The principle is also recognized by our statutes (2 *R. S., p.* 405, §71.) The defendant in this action, called as a witness for the plaintiff, is to be examined in the same manner and subject to the same rules of examination as any other witness. (*Code,* §499, *as amended in* 1860.)

Without now inquiring in what manner, by what rule of law, or upon what evidence it is to be determined in a doubtful case, whether or not a witness shall be required to answer a question objected to, for the reason that an answer may tend to criminate him, and how far the witness may for himself determine that point, it appears to me clear that affirmative answers to the first, second and fourth questions above quoted may, in connection with other testimony, directly tend to convict this witness (should he be indicted under the statute above mentioned) of having, within three years, vended bottles of porter having thereon counterfeit stamps, or labels resembling or purporting to be the stamps or labels of the plaintiff, and knowing the same to be counterfeit, in violation of the provisions of said statute, which, in my judgment, includes in its terms these parties. These answers alone certainly would not be sufficient to convict the witness of the supposed offence, but they might constitute a material and very important link in the chain of testimony necessary for conviction.

The third question, in my opinion, is not subject to the same objection. The selling of porter, "as and for an imitation of" other porter, is not made a crime or misdemeanor.

The defendant (Sullivan) was also required by subpœna *duces-tecum* to attend as a witness and produce before said referee the books used in his business; and it is shown by affidavit and the referee's certificate, that he had such

books, and did not produce them. Defendant by affidavit states that he declined to produce his books " on the same plea of privilege," being advised by counsel " that in so far as said books might tend to sustain the plaintiff's charge, deponent was excused from producing them, and that in no other respect was deponent bound to subject his books and discover his business to a rival in his trade," &c.

The same rule of law which excuses a witness from answering questions which may tend to convict him of a crime or misdemeanor undoubtedly excuses him also from producing books or papers, the contents of which may be used as evidence against him, and tend to the same result; but I do not think it sufficiently appears that any thing in the books in question would have such a tendency. The reference as stated (the judgment or order of reference has not been furnished on this motion) is to ascertain and report the amount of damages which the plaintiff has sustained, &c.; and there may be entries in said books competent and material to be referred to, or given in evidence for that purpose, which would not tend to convict the witness of any criminal offence. If on the examination of the witness it should appear that there are no such entries, he could not be required to produce as evidence the said books, or any entries therein.

On the papers before me, the witness Sullivan, in my opinion, should be required to answer said third question, and to produce said books before the referee, but should not be required to answer said first, second and fourth questions, or either of them.