### ROBERTS v. PRESS PUB. CO.

(*Superior Court of New York City, General Term.* March 4, 1890.)

1. DISCOVERY—EXAMINATION OF PLAINTIFF BEFORE PLEADING—AFFIDAVIT.
   Under Code Civil Proc. N. Y. § 872, declaring that the affidavit for an order for the examination of a plaintiff before answer must set forth the nature of the defense, an order for such an examination of plaintiff, in an action for libel, is properly vacated where the affidavit therefor shows that defendant intends to set up a defense of justification by pleading and proving that plaintiff attempted to obtain money by fraudulent representations, but has no means of ascertaining "the particulars wherein said representations were false;" the substance of the affidavit being that defendant is ignorant of the existence of a defense.

2. SAME.
   Where all the matters aimed at by the order are such as would call for an examination as to the commission of a crime, the judge should set aside the order on the application of the party.

Appeal from special term.

Action for libel by John C. Roberts against the Press Publishing Company. Defendant appeals from order vacating order for examination of plaintiff before answer.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*De Lancey Nicoll,* for appellant. *George Finck,* for respondent.

SEDGWICK, C. J. In my judgment, the papers on which the order for examination was made did not show what, under the Code, it is necessary to show to support such an order. Under section 872, Code Civil Proc., the affidavit must set forth the nature of the defense. This implies that a defense exists to the knowledge or information of the defendant, but that, by reason of his ignorance of sufficient particulars, he is not able to plead it properly. It is not possible, truly, to set forth the nature of a defense when it is not

known, or upon some information believed, that there is a defense. The affidavit contains the following: "The nature of the defense which the defendant has and intends to set up" is: A defense of justification, by pleading and proving that the plaintiff did attempt to take from the possession of several owners of property, and to obtain from such possession, by color and aid of fraudulent and false representations or pretenses, the sum of five dollars from each of them. "I verily believe that, in order to entitle the defendant to prove its defense of justification, as aforesaid, it is necessary that it should plead the same particularly in its answer, and should state particularly the names of the persons who were swindled by the said Roberts as aforesaid, the representations which Roberts made to induce them severally to part with their property, and the particulars wherein said representations were false, together with the names of the persons who conspired with said Roberts to commit said crime of petty larceny. None of these things are known to me, or to the defendant; and the defendant has no means of ascertaining the same, except from the examination of the plaintiff before answer." This admits that the defendant does not know whether the representations were false, yet that is an essential matter. If the defendant has no information as to the falsity of the pretenses, they can have no belief that there is a defense. The form of the affidavit is that they have no means of ascertaining "the particulars wherein said representations were false." Obviously, there can be no knowledge of or information that the representations were false in general. Any knowledge or information on that subject must relate to particulars.

The whole of the affidavit, taken together, shows that the defendants do not know, and are not informed, in general or particular, that pretenses were made, or what was their nature, The substance of the matter is that the defendant is ignorant of the existence of a defense. Its nature, therefore, cannot be set out. If, through the examination of the plaintiff, he could learn certain things, then for the first time he would be able, sufficiently, to say what the nature of the defense was. At present he cannot presume that that examination will show that he has a defense, the nature of which he cannot competently set out. It is also true, for like reasons, that it does not appear that the examination of the plaintiff is necessary to the defendant framing an answer. It is not necessary, until it is first assumed that there is some defense in fact, as to which the plaintiff can give the particulars necessary to be known for the purposes of pleading. It does not seem that the section in question was passed for the purpose of enabling a defendant to ascertain whether or not he had a defense, when at the time he cannot affirm that one exists, according to his knowledge or information.

The granting of such an order, was, in my opinion, without the discretion of the court. Section 873 declares that, "where the person to be examined is a party to a pending action, * * * the order may, in the discretion of the judge, designate and limit the particular matters as to which he shall be examined." This describes the duty of the judge to exclude from the examination certain matters, in his discretion. As the exclusion must necessarily be based upon the opinion of the judge as to the nature of the matter excluded, rather than upon the nature of the matter permitted, I am of opinion that the judge may properly refuse to allow any examination, where the whole of it is intended to be directed to matters which the judge would exclude in a case where he might allow examination as to some matters. Where all the matters aimed at by the proposed order are, as in the present case, such as would call for an examination as to the commission of a crime, or as to something that is a link in the chain of the proof of a commission of a crime, the judge should set aside the order, under the discretion given to him, on the application of the party. This would be in analogy to the rule upon hearing a demurrer to a bill in chancery for the discovery of testimony. If the bill disclosed that the interrogatories contained in it would call for evi-

dence tending to convict the defendant of crime, the demurrer was sustained. The right that the defendant had to be privileged from answering such questions was accorded to him there. It was not postponed to the time of answering, to see whether or not he should claim his privilege in the answer.

I further think that, apart from the particular clause that has just been referred to, it is in every such case within the discretion of the court to set aside an order of this kind, and for the reason that such an examination will not produce a result beneficial to the party. Hardly anything can be more improbable, when it is foreseen with certainty that the plaintiff may exercise a right to refuse to answer, and especially when he sets up his right a short time before the examination is to take place, than that the plaintiff would waive that right, and prove, for the benefit of the defendant, that he has committed a crime. The counsel and the judge know that an examination would be useless, and in vain. I am sure that actual experience confirms that. The order should be affirmed, with $10 costs. All concur.