## HAYNES *v.* HATCH.

*(Supreme Court, General Term, Second Department.    July 2, 1891.)*

DISCOVERY—CRIMINAL LIABILITY—PRIVILEGE OF DEFENDANT.

Plaintiff furnished defendant, a stock-broker, a sum of money with which to buy certain stock for plaintiff. Defendant purchased the stock, and loaned the same, with plaintiff's assent, and thereafter made an assignment of his property for the benefit of creditors. Plaintiff moved for an order for the examination of defendant in order to enable him to frame his complaint for recovery of the stock, or for its conversion. *Held*, that the motion could not be resisted on the ground that defendant's testimony might subject him to criminal prosecution, since there might be facts essential to plaintiff's cause of action which defendant might disclose with impunity; and, if defendant desired to plead his privilege, he might do so on the examination.

Appeal from special term, Kings county.

Action by Edward Haynes against Edward Hatch. Plaintiff moved for an order for the examination of defendant in order to enable plaintiff to prepare his complaint. The affidavit stated, among other things: The nature of this action is an action brought by plaintiff against defendant to recover certain stock owned by plaintiff and intrusted to defendant, or the proceeds thereof, if the same has been converted by the defendant, together with all dividends or other profits arising thereon, or, if the defendant did not purchase said stock, then to recover the moneys which plaintiff gave him for such purpose. The form of judgment demanded is that the plaintiff recover said stock, being 100 shares of Jersey Central stock, or the proceeds thereof if the same has been converted, together with all dividends or profits arising thereon, or, if the said stock was not bought by the defendant, then to recover the moneys which plaintiff gave him for this purpose. In case of the conversion of said stock the damages demanded would be in a sum which plaintiff is unable to fix at the present time, inasmuch as all the facts connected with such transactions are wholly within the knowledge of the defendant, except as herein stated; and for this reason, among others, this examination is desired. The facts constituting the cause of action are as follows: In the fall and winter of 1886 plaintiff directed the defendant, who was a stock-broker, and a member of the firm of Bell & Hatch, to buy 100 shares of Jersey Central stock, and plaintiff furnished to the defendant the money therefor in full. Defendant reported to plaintiff that he had purchased said 100 shares, that the same were fully paid for, and that he held the same subject to plaintiff's order. Plaintiff has never seen said stock. Subsequently defendant stated that, as said stock was rising in value, it could be advantageously loaned to brokers who were short of the market; that these brokers would pay for the use of said stock; that there would be no risk, because on loans of stock the broker borrowing the same is always obliged to deposit with the person loaning the stock its value in cash, at the market rate on the day of the loan; and that, if during the loan the stock should advance in value, the person loaning on the same could always require the borrower to deposit sufficient additional moneys to secure the advance value. The defendant further said that, if plaintiff would allow these 100 shares of Jersey Central stock to be so loaned, he, the defendant, would attend to it for him; would charge for his trouble one-half

the interest or profits arising on the loans, and would account to plaintiff for the other one-half. On these representations plaintiff gave defendant permission to loan said stock, upon the express understanding that the stock should not be sold; that defendant should always procure from the borrower its full value in cash, and should keep the cash in place of and as representing said stock; and, equally with said stock this cash should be the property of the plaintiff during the pendency of any and all loans. Plaintiff sought to ascertain whether the defendant ever actually purchased the said stock; and, if so, when, and at what price, and of whom; if said stock was ever actually purchased by defendant, then whether or not, between the fall and winter of 1886 and February, 1889, the defendant held said stock for plaintiff, (except as it was loaned out;) or whether or not the defendant, during such times, did not sell and dispose of said stock, and appropriate the proceeds; and, if so, when was it sold, to whom, and for how much; whether or not the defendant has now the possession of said stock. The order was granted, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*Henry Tompkins*, for appellant.    *Deming & Logan*, for respondent.

DYKMAN, J. This is an appeal from an order denying a motion to vacate an order for the examination of the defendant before trial to enable the plaintiff to frame his complaint. It appears from the affidavit upon which the order for the examination was based that the defendant, who was a stock-broker, was instructed by the plaintiff to purchase for him 100 shares of the stock of the New Jersey Central Railroad, and was furnished with the money to pay for the same. Thereafter the defendant loaned the same with the assent of the plaintiff, and subsequently failed, and made an assignment of his property for the benefit of his creditors. This action is based upon that transaction; but whether the complaint will charge the defendant with a conversion of the stock after its purchase, or with embezzlement of the money received for the purchase of the stock, or with embezzlement of the money received on a loan of the stock, will depend upon facts within the knowledge of the defendant, and unknown to the plaintiff. The affidavit is full and sufficient, and states that the deposition of the defendant is necessary to enable the plaintiff to frame his complaint, and for use at the trial, and states facts from which it is readily seen that such statement is true, and that the examination is necessary. It is urged in opposition to the order that the testimony sought, if elicited upon the examination, might subject the defendant to a criminal prosecution, but we can readily perceive that there are many facts within the knowledge of the defendant which he can disclose with impunity; and, if he desires to plead his privilege, he can do so upon the examination. The case of *Kinney* v. *Roberts*, 26 Hun, 166, is not an authority adverse to this view, because in that case there was no testimony sought to be elicited from the party except such as would subject him to a criminal prosecution, or render him infamous. The affidavit being formally correct, and the facts sought being entirely within the knowledge of the defendant, we think the order for his examination was proper and valid. The order should therefore be affirmed, with $10 costs and disbursements.