ABBOTT-DOWNING COMPANY, Respondent, *v.* EBERHARD FABER, Appellant.

87　299
9ap209

*Examination of a party before trial — a necessity therefor must be shown — not ordered when the witness is privileged to refuse to testify.*

It is only under special conditions showing the necessity therefor that the court will grant leave to examine a witness before trial. A mere statement that the examination is material and necessary is not sufficient. Facts should be presented to the judge from which it can be seen not only that such testimony is material and necessary, but also that there are reasons why the testimony should be given prior to rather than at the trial.

The real purpose of the examination of a witness was to obtain from him, with the aid of the books of a company of which he was formerly the secretary and treasurer, proof of the falsity of a report filed by such company, in the making of which the witness as a director of the company joined.

*Held,* that as the affidavit upon which an order for such examination was granted did not show that there was any fact to which the witness could testify, except such as would be privileged, an order directing such examination should be reversed on appeal.

APPEAL by the defendant, Eberhard Faber, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of April, 1895, denying his motion to vacate an order granted in this action for the examination before trial of one Edward E. Huber as a witness.

*Peter P. Pope,* for the appellant.

*C. E. Souther,* for the respondent.

O'BRIEN, J.:

The action now at issue was brought to charge the defendant with the statutory liability for filing a false report in 1889, while a director of Piercy's Express Company. The witness sought to be examined is not a party to the action, but it is stated that his testimony is material and necessary for reasons, among others, that he was " at the time of the * * * transactions the secretary and treasurer of said express company and a director thereof, who united with said defendant in the making and filing of its said annual report. * * * Said plaintiff desires to examine said Huber before trial as to all and every of the material allegations in said complaint and

answer, and deems it necessary so to do in advance of the trial for the purpose of obtaining from him or from the books of said express company admissions or other evidence of facts in issue, and I am informed and believe that a *subpœna duces tecum* to him for the production of said books at the trial would not give said plaintiff sufficient opportunity to examine the same, or him in respect to the same, and to pursue inquiries which may be suggested by such examination, or to investigate or verify information afforded thereby, in respect of matters hereinbefore mentioned, which, as I am informed and verily believe, are pertinent to said facts."

Under our procedure witnesses should be examined upon the trial, and it is only under special conditions arising and showing the necessity therefor, that the court will vary the practice. It has been many times held that a mere statement that the examination is material and necessary is not sufficient, but that facts should be presented to the judge from which it can be seen not only that it is material and necessary, but that there are reasons why the testimony should be given prior to rather than at the trial. The whole tenor of section 872 of the Code of Civil Procedure, under which alone an examination of a witness not a party can be obtained, looks to the taking and perpetuation of testimony which, if not secured before trial, might be lost or otherwise not available upon such trial. The section of the Code, therefore, sets forth with considerable particularity what the affidavit must contain upon which the order shall be based, and rule 83 of the General Rules of Practice requires that " the affidavit shall specify the facts and circumstances which show * * * that the examination of the person is material and necessary." It is too vague and general to base such an application merely, as here, upon the expression of a desire to examine the witness " as to all and every of the material allegations in said complaint and answer," for the papers used upon the motion show that most of the facts which plaintiff desires to prove by the witness are within its own knowledge. Thus the fact that he was the secretary and treasurer and a director of the company in 1889, and that he joined with the defendant in making and filing the report; that he furnished a statement of the condition of the company, and that the plaintiff was unable to find on record the chattel mortgage, are within the plaintiff's knowledge.

The real purpose of the examination of this witness was to obtain from him, by the aid of the books of the express company, proof of the falsity of the report. It is not shown, however, that the witness sought to be examined is now the secretary and treasurer or a director, or that he has any interest in or relation to the company, or that the books are within his possession or under his control. And the reason for the examination is furnished by the argument of the respondent, who says that any answer that the witness would make " would probably require him to examine the books to refresh his recollection of the facts, and take more time than would be granted upon the trial even if the books were at hand, and, if not, their absence would be the excuse for not answering at all." This not being an order for the examination and inspection of the books and papers of a party under section 803 of the Code of Civil Procedure, but, as already stated, for the examination of a person not a party to the action, who concededly could give little of the desired information without reference to books which he neither has nor controls ; and it not being stated or shown that he has any information exclusive of what may be contained in the books of the express company, we do not see upon what theory the right to this examination should have been accorded. The affidavit, moreover, states that the witness was a director of the express company and joined with the defendant in making the alleged false report. If so, undoubtedly he would be privileged from answering any questions upon the examination which might tend to expose him to a penalty by reason of the making of such report ; and while this court has held that the fact that one is privileged from testifying does not prevent the making of an order for his examination — the proper practice requiring that where it is necessary and a sufficient showing is made, the examination should be ordered, leaving it until the person is actually under examination to claim the privilege — nevertheless, where it is not shown that there is any fact which the witness could testify to except such as would be privileged, it would be useless to make the order for the examination.

Considering, then, the nature and character of the action, the attitude which the witness sought to be examined occupies, and the vague and indefinite way in which what is sought of this witness is stated, coupled with the clear inference that such information is in

books of the express company, and that as to other knowledge possessed by him he would be privileged from testifying, we think, upon the merits and for failure to comply with the Code and Rules of Practice, that the motion to vacate the order should have been granted.

Order accordingly reversed, with ten dollars costs and disbursements, but with leave to plaintiff upon payment thereof to renew its application.

PARKER, J., concurred.

VAN BRUNT, P. J.:

I concur in result. There are no circumstances shown which make it necessary to examine the proposed witness before trial to perpetuate his evidence.

Order reversed, with ten dollars costs and disbursements, but with leave to plaintiff upon payment thereof to renew application.