(32 Misc. Rep. 327.)

### KELLOGG et al. v. SOWERBY.

(Supreme Court, Special Term, Erie County. August, 1900.)

1. CONSPIRACY — ASSOCIATION — PRESIDENT AND MEMBER OF EXECUTIVE COMMITTEE.

    Where an association is a party to an unlawful agreement to commit a criminal offense, which agreement is being carried out, a person who is and was president of the association when the contract was made, and is a member of the executive committee which manages the association's affairs, is so concerned in the association as to make him guilty of conspiracy.

2. CONSTITUTIONAL LAW—PROTECTION OF WITNESS—SELF-CRIMINATING TESTIMONY—PRODUCTION OF BOOKS AND PAPERS.

    Const. U. S. Amend. 5, and Const. art. 1, § 6, providing that no person shall be compelled in any criminal case to be a witness against himself, and Code Civ. Proc. § 837, declaring that a competent witness cannot be required to give an answer tending to accuse himself of crime or misdemeanor, or subject him to a penalty or forfeiture, extend their protection to persons not only in criminal prosecutions against them, but also in all civil and criminal proceedings, whether they are parties thereto or not, and whether they are called as witnesses, or required to produce books and papers in their possession as evidence.

Action by Spencer Kellogg and another against George F. Sowerby, as president of the Western Elevating Association, and others. Mo-

tion by defendant to vacate an order requiring him to permit inspection and copy of certain contracts by plaintiffs.    Granted.

George L. Lewis, for plaintiffs.
George Clinton, for defendant Sowerby.

KENEFICK, J.    This motion is based upon the ground, now urged, for the first time, that a discovery of the contracts in question would tend to prove the defendant Sowerby guilty of a crime.    It was conceded by the plaintiffs upon the argument of this motion that these contracts would tend to show a conspiracy on the part of the defendants to injure trade and commerce, which is a criminal offense under section 168 of the Penal Code.    The plaintiffs claim, however, that it is not shown on this motion that an inspection of these contracts would tend to prove the defendant Sowerby guilty of participation in such crime.    It is well-settled law that a person is equally guilty of conspiracy whether he was a party to the illegal agreement when made, or afterwards assisted in the execution of such agreement.    People v. Mather, 4 Wend. 229.    It does appear that Sowerby is, and was at the time the contracts were made, the president of the association; that he is a member of the executive committee of said association; and that the affairs of the association are managed by that committee.    And I think it may be said to be fairly established by the papers used on this motion that the contracts are being carried out.    These facts tend to establish that Sowerby was or is concerned in the commission of the offense.    Pen. Code, § 29. Should a discovery be ordered under such circumstances?    The constitution of the United States provides that no person "shall be compelled in any criminal case to be a witness against himself."    Const. U. S. Amend. 5.    An identical provision is contained in the constitution of this state.    Const. art. 1, § 6.    Section 837, Code Civ. Proc., provides:

"A competent witness shall not be excused from answering a relevant question, on the ground only that the answer may tend to establish the fact that he owes a debt, or is otherwise subject to a civil suit.    But this provision does not require a witness to give an answer, which will tend to accuse himself of a crime or misdemeanor, or expose him to a penalty or forfeiture; nor does it vary any other rule, respecting the examination of a witness."

It is urged, however, that these provisions of law have no application in a proceeding of this character; that this privilege can be claimed only in a criminal prosecution.    Such was the construction given to the provision in our state constitution by the court of appeals in the case of People v. Kelly, 24 N. Y. 74, and that case further narrowed the application of the constitutional provision to criminal prosecutions against the person whose testimony was sought. This construction was disapproved, however, in the case of Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110. The ruling of the supreme court of the United States in the last-named case was followed, and the Kelly Case tacitly overruled, by our court of appeals, in the case of People v. Forbes, 143 N. Y. 219, 38 N. E. 303.    Judge O'Brien, writing the opinion of the court in

that case, lays down the broad proposition (page 228, 143 N. Y.,
page 305, 38 N. E.) that:

"The principle established * * * is that no one shall be compelled in
any judicial or other proceeding against himself, or upon the trial of issues
between others, to disclose facts or circumstances that can be used against
him as admissions tending to prove his guilt or connection with any criminal
offense of which he may then or afterwards be charged, or the sources from
which or the means by which evidence of its commission or of his connection
with it may be obtained."

It will thus be seen that the privilege is no longer confined to
criminal prosecutions against the person whose testimony is desired,
but is so enlarged as to include all civil and criminal proceedings,
whether the person sought to be examined is a party thereto or not;
that the privilege extends to the sources from which or the means
by which evidence of the commission of a crime, or of the connec-
tion of the witness with it, might be ascertained. It is apparent
that the constitutional guaranty is equally applicable whether the
person is sought to be examined as a witness, or is required to pro-
duce as evidence books and papers in his possession. In either case
it affords protection against the disclosure of incriminating evidence,
if such protection is claimed. In the case of Byass v. Sullivan, 21
How. Prac. 50, it was sought to compel a witness, by subpœna duces
tecum, to attend as a witness, and produce the books of his business.
He declined to produce the books on the ground that they would tend
to convict him of a criminal offense. The court, in passing upon the
question of his refusal, says (page 53):

"The same rule of law which excuses a witness from answering questions
which may tend to convict him of a crime or misdemeanor undoubtedly ex-
cuses him, also, from producing books or papers, the contents of which may be
used as evidence against him, and tend to the same result."

The motion to vacate the order of discovery is granted.
Motion granted.