(57 Misc. Rep. 361.)

ELY v. PERKINS et al.

(Supreme Court, Special Term, Erie County. January, 1908.)

1. DISCOVERY—EXAMINATION OF ADVERSE PARTY—PRIVILEGE OF WITNESS.

   A person will not be compelled to submit to an examination and be forced to claim his privilege, unless it affirmatively appear that there is some fact which will not criminate him and concerning which he is to be examined.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 56.]

**2. Same.**

Plaintiff, on an affidavit that his employé had stolen his property and delivered it to defendants, who received it in bad faith, asked that an order be made requiring a certain defendant to be examined as to the receiving and amount of the property and defendants' disposition of it, for the purpose of enabling plaintiff to frame his complaint for the conversion by defendants. *Held*, on a motion to vacate, that the order was erroneously made, since every element necessary to constitute a crime was charged in the affidavit, and it did not appear that there was any fact to which such defendant was' expected to testify, except such as would be privileged.

Action by W. Caryl Ely against Erickson Perkins and others. Motion by defendant Clarance W. Cady to vacate an order for his examination for the purpose of enabling plaintiff to frame his complaint. Motion granted.

Joseph G. Dudley, for the motion.
Kenefick, Cooke & Mitchell, opposed.

BROWN, J. On December 26, 1907, an order was made requiring defendant Cady to be examined for the purpose of enabling plaintiff to frame his complaint. It appears from the affidavit upon which such application was made that the "nature of the action is to recover damages for the conversion by the defendants of moneys and securities owned by the plaintiff, and which were embezzled and stolen from him by one Hugh J. McDonald, a clerk in the deponent's employment, and which said moneys and securities the defendants received from said McDonald in bad faith and have converted to their own use"; and it also appears that plaintiff is unable to obtain an accurate statement of the amounts of moneys and securities belonging to him, and desires to examine defendant Cady for the purpose of ascertaining in detail the moneys and securities belonging to plaintiff and delivered to defendants by McDonald, together with dates of the payments and delivery thereof. Upon such affidavit an order was made requiring defendant Cady to be examined before a referee concerning the moneys and securities paid and delivered to the defendants by McDonald, the dates and amounts of each payment and delivery, and the transactions in the form of buying and selling stocks which McDonald had with defendants, and the disposition of any securities received by the defendants from said McDonald. Defendant Cady moves to vacate the order for his examination upon the ground that all testimony he may be called upon to give on the examination will tend to connect him with the crime of criminally receiving stolen property, knowing it to have been stolen, and that such testimony is privileged.

It has been uniformly held that a person will not be compelled to submit to an examination and be forced to claim his privilege, unless there are matters concerning which he is expected to testify that will have no tendency to criminate him. In re Attorney General, 21 Misc. Rep. 101, 47 N. Y. Supp. 20; Brandon v. Bridgman, 14 Hun, 122; Bailey v. Dean, 5 Barb. 297; Phœnix v. Dupuy, 2 Abb. N. C. 146; Kinny v. Roberts, 26 Hun, 166; Yamato v. Brown,

27 Hun, 248; Andrews v. Prince, 31 Hun, 233; Skinner v. Steele, 88 Hun, 309, 34 N. Y. Supp. 748; Fogg v. Fisk, 30 Hun, 61;· Davenport v. Tausig, 33 Hun, 32; Davies v. Fish, 35 Hun, 430; Farmer v. National Life, 73 Hun, 522, 26 N. Y. Supp. 126; Haynes v. Hatch, 60 Hun, 586, 15 N. Y. Supp. 615; Kellogg v. Sowerby, 32 Misc. Rep. 327, 66 N. Y. Supp. 542. In Abbott v. Faber, 87 Hun, 299, 34 N. Y. Supp. 433, it was held that it must affirmatively appear that there is some fact which will not criminate the party to be examined, concerning which he is to be examined, in order to warrant such examination. The plaintiff claiming that McDonald has stolen his property and delivered the same to·defendants, who received the same in bad faith from McDonald, every element necessary to constitute a crime is charged; and it is difficult to see what item of evidence can be elicited from defendant Cady on the proposed examination under this order that will not be connected with some element of a crime. It surely will be a link that may be added to a chain of testimony tending to the result of criminating the defendant Cady. Such an examination would be compelling a person to connect himself with the commission of a crime.

It not appearing that there is any fact to which defendant Cady is expected to testify, except such as would be privileged, the order to examine him must be vacated.