(134 App. Div. 473.)

### NIEHOFF v. STAR CO.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. DISCOVERY (§ 43*)—EXAMINATION OF PLAINTIFF BEFORE TRIAL—SUBJECT OF EXAMINATION.

    The right of a witness to refuse to give evidence which may tend to incriminate himself is personal, to be claimed at the time of the examination, and is no reason for denying an examination before trial of plaintiff, suing for libel in charging him with being held as a highwayman.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 56; Dec. Dig. § 43.*]

·2. DISCOVERY (§ 32*)—PROOF OF FACTS BY ADVERSARY.

    Where facts are material and necessary, a party is entitled to prove them by an examination of his adversary before trial, though other witnesses are available.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig. § 32.*]

Appeal from Special Term, New York County.

Action by William Niehoff against the Star Company. From an order of the Special Term, vacating an order for the examination of plaintiff before trial in an action for libel, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Clarence J. Shearn (Macdonald De Witt, of counsel), for appellant. Sidney Rossman, for respondent.

CLARKE, J. Plaintiff sues for $15,000 damages for an alleged libel, alleged to have been printed of and concerning him in a newspaper published by the defendant. Defendant obtained an order for the examination of plaintiff before trial upon sufficient papers, which order was subsequently vacated upon a proceeding brought for that purpose, and from the order entered thereon this appeal is taken.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

The article complained of is as follows:

"Two Held as Highwaymen. William Niehoff, who gave his address as No. 318 East Ninety-Fourth street, and Joseph Jackson, who said he lived at No. 258 East One Hundred and Forty-Sixth street, were held in $500 bail each in Yorkville Court yesterday, charged with attacking two couples at Seventh street and Avenue A."

The respondent urges that the examination ought not to be had, because, the charge being that he had committed a crime, such examination might result in compelling him to give evidence against himself. This is no reason for denying the order for examination before trial, or for vacating it when granted. A witness may not be compelled to give evidence against himself, which may tend to incriminate him. This, however, is a personal right, which must be claimed at the time that the questions are put.

It is further claimed that as matter pleaded in mitigation must have been known to the publisher of the libel at the time of the publication thereof, and that as the answer alleges that the facts pleaded in mitigation were known to the defendant prior to the publication thereof, no examination is necessary. Said facts must be proved, however, upon the trial, and this court has held many times that, if facts are material and necessary, a party is entitled to prove them by his adversary; if he so desires, even though other witnesses are available.

The order appealed from should be reversed, with $10 costs and disbursements, and the order granting the examination before trial reinstated, with $10 costs; the date of said examination to be fixed upon settlement of the order herein. All concur.