PEOPLE'S COAT, APRON & TOWEL SUPPLY CO. v. LIGHT et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

1. WITNESSES ⬳297—EXAMINATION—PRIVILEGE—INCRIMINATING ANSWERS.
   An action against a former employé, by plaintiff and another, for making use of information and lists required by the employer as to customers, routes, etc., for deceiving some of the customers by pretending to be employed by plaintiff and furnishing service to them, and for inducing others to take defendants' service, instead of plaintiff's, contrary to Penal Law (Consol. Laws, c. 40) § 553, making a person who makes use of any such lists guilty of a misdemeanor, is in its nature a criminal one, and neither defendant can be compelled to give testimony against himself therein, under Const. art. 1, § 6, providing that no person shall be compelled to be a witness against himself in any criminal case.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1011, 1026–1037; Dec. Dig. ⬳297.]

2. DISCOVERY ⬳43—PRIVILEGE OF WITNESS—STATUTORY PROVISIONS—SUBJECT-MATTER.
   Where the acts concerning which plaintiff is authorized to examine defendants were all expressly alleged to be in violation of the Penal Code, defendants will not be compelled to submit to an examination, and there to claim their privilege, as they would be if there were some matters concerning which their testimony could have no tendency to incriminate themselves.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 56; Dec. Dig. ⬳43.]

Appeal from Special Term, Kings County.

Action by the People's Coat, Apron & Towel Supply Company against Harry Light and another. From order denying defendants' motion to vacate an order for their examination before trial, and denying a motion to resettle, defendants appeal. Order denying motion to vacate reversed, and motion granted, and appeal from order denying motion to resettle dismissed.

Argued before JENKS, P. J., and CARR, RICH, and PUTNAM, JJ.

Meyer D. Siegel, of New York City, for appellants.
Sidney J. Loeb, of New York City, for respondent.

RICH, J. This appeal is by defendants from two separate orders of the Special Term, one denying a motion to vacate an order for their examination before trial, and the other denying a motion to resettle.

The complaint alleges that the defendant Light had been in the employ of the plaintiff from the early part of June, 1911, to October, 1914, when he was discharged for cause, as a driver of one of its wagons used for collecting and delivering its supplies; that after his discharge he and his codefendant established in the borough of Brooklyn, and have since there operated and carried on, a business similar in all its details to that of plaintiff, and conducted in the same manner. The essential allegations of the pleading creating plaintiff's cause of action are contained in its sixteenth subdivision, and are as follows:

"Sixteenth. That since at least the said 9th day of November, 1914, the defendants, with full knowledge of the rights and interests of the plaintiff

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the premises, but without the consent and against the urgent protest of the plaintiff, and for the sole benefit of the defendants, and in pursuance of a plan and scheme to damage and ruin the business of this plaintiff, and to despoil it of all its business and customers, are now engaged in making use of and employing the information obtained and secured by the defendant Harry Light, solely by virtue of his employment with the plaintiff, and which is contained in the plaintiff's list, compilation, collection, and route cards, and are calling upon and visiting the customers and patrons of the plaintiff in the offices, stores, and shops heretofore served by the plaintiff, and in some cases are deceiving the said customers and offices, stores, and shops into the belief, and representing to them that the defendant Harry Light is employed by and is furnishing them on behalf of the plaintiff, although in truth and in fact he is furnishing them on behalf of the defendants, and in other cases are soliciting, canvassing, and accepting the trade and business of the said customers for their (the said defendants') own use and benefit in their business aforementioned, in violation of chapter 88 of the Laws of 1909, section 553, subdivisions 5, 6, and 7."

These allegations are denied by both defendants.

[1] It is contended that the action is in its nature a criminal one, and that neither defendant should be compelled to be a witness against himself to establish his guilt, in view of the provisions of article I, section 6, of the Constitution. I think that this contention has merit and should be sustained.

[2] Counsel for respondent urges that plaintiff is entitled to examine the defendants on some of the questions presented, and that under the authority of Anderson v. Lisman, 130 App. Div. 134, 114 N. Y. Supp. 348, the remedy of defendants is to move to limit the examination; that he cannot move to vacate it in toto. I do not think the authority cited sustains the contention. The plaintiff is authorized to examine the defendants regarding:

"The customers whom the defendant Light visited in the course of his employment with the plaintiff; the fact that he became familiar with the names and addresses of those customers during his employment and the number of such customers; the establishment and pursuit by the defendants of a business similar to that of the plaintiff and their method of conducting business; the use of the defendants for their own benefit of the information secured by Light in his employment and contained in the plaintiff's lists and route cards; the names and addresses of plaintiff's customers whom the defendants have solicited since their business has been established; the representations which the defendants made in order to induce those customers to leave the plaintiff; the customers whom defendants obtained from the plaintiff by leading them to believe that they were still dealing with the plaintiff; the fact that the defendants are continuing to solicit plaintiff's customers and threaten to continue to do so; and the value of the knowledge and information possessed by the defendants of the trade and customers of the plaintiff."

The acts alleged in the complaint as constituting the plaintiff's cause of action are expressly alleged to have been done in violation of the provisions of section 553 of the Penal Code. It is clear, I think, that plaintiff intends that the evidence obtained from the defendants on their examination will be sufficient to convict them of the criminal offense. He alleges that the facts cannot be established by any person other than the defendants, from which it follows that it is proposed to compel them to testify to facts establishing their own guilt. This may not be done on the trial (Roberts v. Press Pub. Co., 8 N. Y. Supp. 870;

Chappell v. Chappell, 116 App. Div. 573, 101 N. Y. Supp. 846), and it has been uniformly held that a litigant will not be compelled to submit to an examination and be there forced to claim his privilege unless there are matters concerning which he will be called upon to testify that will have no tendency to criminate him (Ely v. Perkins, 57 Misc. Rep. 361, 108 N. Y. Supp. 613, and the many authorities therein cited).

The order denying defendants' motion to vacate the order for their examination before trial should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs, and the appeal from the order denying defendants' motion to resettle dismissed. All concur.