EDITH KELLY GOULD, Respondent, *v.* FRANK JAY GOULD, Appellant.

First Department, June 9, 1922.

Husband and wife — action by wife to recover expenditures for necessaries made while living apart from husband — defendant not bound to pay expenses of wife living apart without his fault or who has been unfaithful — defenses that plaintiff committed adultery prior to and after separation, conviction in France for crime of adultery and decree of divorce granted by French courts to present defendant on ground of adultery — plaintiff required to serve verified reply — Civil Practice Act, §§ 248 and 355, does not permit plaintiff to serve unverified reply.

The obligation of a husband to support and maintain his wife while she is living apart from him exists only where she is thus living apart from him through no fault on her part, and where she has been faithful to her marriage vows; there is no obligation on the part of the husband to support his wife who has been guilty of an uncondoned act of adultery.

In an action by a wife to recover moneys expended by her for her support and maintenance while she was living separate and apart from her husband, in which the defense is interposed that prior to and after the separation she was guilty of adultery, and that the defendant had secured a decree in France, divorcing him from the plaintiff on the ground of adultery, and that the plaintiff had been convicted in France of that crime, the plaintiff will be required to serve a verified reply to the defenses.

Sections 248 and 355 of the Civil Practice Act do not relieve plaintiff from serving a verified reply, for anything that she might state in her reply would not tend to her conviction for adultery committed in France, for she had already been convicted there and would not be liable therefor in this State, and, while her reply might afford evidence whereby she might be divorced and thus forfeit her right to dower, the forfeiture of her dower right would be a mere incident of the divorce and not the essential purpose of the action.

She cannot be relieved from serving a verified reply on the ground that it might tend to degrade or disgrace her for the facts sought to be admitted or denied are relevant to the issue.

APPEAL by the defendant, Frank Jay Gould, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of April, 1922, denying defendant's motion for a verified reply to separate defenses in his answer.

*Leonard & Walker* [*Samuel Seabury* of counsel; *Walter B. Walker* with him on the brief], for the appellant.

*Jenks & Rogers* and *Eugene E. Sperry* [*Gustavus A. Rogers* of counsel; *Gardiner Conroy* and *Harry L. Kreeger* with him on the brief], for the respondent.

PAGE, J.:

This is an action by Edith Kelly Gould against Frank Jay Gould, commenced in the month of October, 1921, to recover $160,000, alleged expenditures by the plaintiff between April 29, 1918, and October 29, 1921, for necessaries while she was living separate and apart from her husband, Frank Jay Gould.

The answer sets up various defenses, and the defendant has moved that the plaintiff be required to serve a verified reply. The court at Special Term denied the motion as to the second, third and fourth separate and complete defenses and the sixth and seventh partial defenses, but directed the plaintiff to serve an unverified reply to the fifth partial defense. The second defense alleged upon information and belief that during the year 1918 and prior to the 29th day of April, 1918, the plaintiff committed adultery at times and places unknown to defendant with a person known by the name of Cassassus, and on information and belief that during the period from the time plaintiff and defendant separated, on or about April 29, 1918, to and including the month of July, 1919, plaintiff had illicit and meretricious relations with said Cassassus at Biarritz, France, and in the city of Paris, France. The third and fourth defenses set forth the facts upon which the plaintiff and Cassassus were convicted of the crime of adultery, not alone upon the testimony of the police official who caught them *in flagrante delicto* but also upon their written confessions. A duly authenticated copy of the record of the criminal proceeding is attached as an exhibit to the answer. The fifth partial defense sets up the facts in relation to the action for a divorce instituted in the courts of France, resulting in a judgment dissolving the marriage between the parties, on the ground of the adultery of the plaintiff herein. The facts in relation to this matter have been

First Department, June, 1922.                    [Vol. 201

fully stated in our opinions on the appeals in the action for divorce. (See *Gould* v. *Gould,* 201 App. Div. 127; Id. 670, decided herewith.) The sixth and seventh partial defenses by references repeat a portion of the allegations of the second and all of the allegations of the third and fourth defenses.

The theory of this action is that the defendant is under obligation by reason of the marital relation to support and maintain his wife. This obligation, however, only rests upon a husband to support a wife who is living apart from him through no fault on her part, and who has been faithful to her marriage vows. There is no obligation on the part of the husband to support a wife who had been guilty of an uncondoned act of adultery. Therefore, the allegations of the defenses, if true, defeat the plaintiff's right of action.

The plaintiff claims that she cannot be required to make reply to these allegations under oath: *First,* because by section 248 of the Civil Practice Act a party is entitled to omit a verification " Where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading."

Turning to section 355 of the Civil Practice Act the personal privilege of a witness is thus stated: " A competent witness shall not be excused from answering a relevant question, on the ground only that the answer may tend to establish the fact that he owes a debt or is otherwise subject to a civil suit. This provision does not require a witness to give an answer which will tend to accuse himself of a crime or to expose him to a penalty or forfeiture; nor does it vary any other rule respecting the examination of a witness."

The act of adultery was alleged to have been committed in France, and, therefore, the plaintiff would not be liable to a criminal prosecution therefor in this jurisdiction (*Matter of Cappeau,* 198 App. Div. 357), nor could she be liable to a prosecution in France, for it is alleged that she has already been convicted and punished for the offense in that country. Neither is it claimed that the reply would tend to expose her to a penalty. The plaintiff does claim that a reply might tend to subject her to a forfeiture, in that it would afford evidence whereby she might be divorced and thus forfeit her right of dower. This, however, would be an incident of the decree dissolving the marital relation and not the essential purpose of the action. The most that could be said is that it might subject her to a civil action in favor of the husband for a divorce. But that does not privilege her from testifying. (*Taylor* v. *Jennings,* 7 Robt. 581, 585.) Further, she urges that the reply might tend to degrade or disgrace her. The facts sought to

be admitted or denied are relevant to the issue; therefore, this affords no excuse. (*Taylor* v. *Jennings, supra; Meyer* v. *Mayo,* 173 App. Div. 199, 201.)

If true, these facts which are alleged in the defenses are a complete bar to her action. As the plaintiff correctly says, the production of the record in the criminal case in the court of France would not tend to prove the facts upon which that conviction was obtained. It will, therefore, be necessary for the defendant to go to the expense of issuing commissions to take the testimony of various witnesses in France to prove facts that plaintiff possibly could not truthfully deny. In order to simplify the issues and expedite the trial of the action the plaintiff should be required to reply to the allegations of the defenses under oath.

The order should, therefore, be reversed and the motion granted.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed and motion granted, without costs.