SIGMUND BAAR, Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

Second Department, October 26, 1923.

**Depositions — examination of plaintiff before trial — action to recover on policy of burglary insurance covering wines and liquors — after action was commenced plaintiff was indicted under Penal Law, § 1202, for presenting false proof of loss — examination of plaintiff covering in part facts as to which he would not be required to testify, stayed pending trial of indictment.**

The examination of the plaintiff before trial will be stayed pending the trial of an indictment against him, where it appears that after this action, which is to recover the proceeds of a policy of burglary insurance covering wines and liquors was commenced, the plaintiff was indicted on complaint of the defendant for a violation of section 1202 of the Penal Law, in that he presented a false and fraudulent proof of loss under the policy upon which this action is based, and where it further appears that a part of the examination will be directed towards facts which, under the circumstances, the plaintiff has the constitutional right to refuse to testify concerning.

APPEAL by the plaintiff, Sigmund Baar, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of September, 1923, denying his motion to vacate or limit a notice for his examination before trial, and to stay the examination pending the trial of a criminal proceeding.

*Meyer Kraushaar* [*Emil N. Baar* and *Hugo Wintner* with him on the brief], for the appellant.

*Sidney J. Loeb,* for the respondent.

RICH, J.:

Plaintiff seeks to recover in this action the proceeds of a policy of burglary insurance covering certain wines and liquors alleged to have been stored at his premises in the borough of Brooklyn.

The defendant has interposed a general denial and eight separate defenses.  Briefly summarized, the plaintiff is charged therein with breaches of warranty under the policy, and fraud which induced the making thereof, with increasing the hazard by acts apparently violative of the National Prohibition Act,* with the illegal purchase, possession and sale of the liquors, and with the presentation of false proofs of loss in respect to the value of the liquors.  The plaintiff was indicted on July 23, 1923, some two years after the commencement of this action, for a violation of section 1202 of the Penal Law, in that he had presented to the defendant here a false and fraudulent proof of loss under the policy upon which this action is based.  It is alleged and conceded upon the argument that the indictment was procured upon the complaint of the defendant.

The defendant has served upon the plaintiff a notice of examination under the Civil Practice Act (§ 288 *et seq.*), and seeks to examine him concerning some twenty-nine items.  Plaintiff has moved to vacate or limit the notice, or, in the alternative, to stay the examination, pending the trial of the indictment.  This motion has been denied by the court at Special Term, upon the theory that the plaintiff cannot consistently urge a violation of his constitutional rights in support of a motion to vacate, because he is at liberty to decline to testify upon the examination to such matters as might tend to incriminate him.  Where facts pleaded as a defense may constitute a crime, a plaintiff should not be compelled to submit to an examination before trial in reference to his alleged criminal misconduct.

This court has had occasion to refer to the rule governing a situation of this character.  (*People's Coat, Apron & Towel Supply* v. *Light,* 168 App. Div. 142, 144.)  It has been uniformly held that a person will not be compelled to submit to an examination and be forced to claim his privilege *unless there are matters concerning which he is expected to testify that will have no tendency to incriminate him.*  It was also held in *Abbott-Downing Co.* v. *Faber* (87 Hun, 299) that it must *affirmatively* appear that there is some fact which will not criminate the party to be examined, concerning which he is to be examined, in order to warrant such examination.

An examination of the items regarding which the examination of plaintiff is sought discloses that nine of them relate to matters concerning which the plaintiff would be entitled to claim his privilege, but he ought not to be compelled to claim his privilege. There are matters, however, to which he is expected to testify that may have no tendency to incriminate him, but we are of the

---

* See 41 U. S. Stat. at Large, 305, chap. 85.— [REP.

opinion that under the circumstances the examination should be stayed pending a trial of the indictment.

The order should be reversed upon the law, with ten dollars costs and disbursements, and motion to stay the examination pending a trial of the indictment granted, with ten dollars costs.

KELLY, P. J., JAYCOX, MANNING and YOUNG, JJ., concur.

Order reversed upon the law, with ten dollars costs and disbursements, and motion to stay the examination pending trial of the indictment granted, with ten dollars costs.