MAX ZEISLER, Respondent, v. SAMUEL FEINSTEIN, Appellant.— Order denying motion to punish defendant for contempt, on condition that defendant take title to the premises and perform all his obligations under the judgment, affirmed, with ten dollars costs and disbursements. The court directs that November 10, 1926, at two o'clock P. M., be fixed for the closing of the contract at the office of the respondent's attorney. No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

---

## FIRST DEPARTMENT, NOVEMBER, 1926.

HEIT & WEISENTHAL, INC., Appellant, v. GUSTAVE LICHT, Respondent.

HEIT & WEISENTHAL, Appellant, v. SAM LICHT, Respondent.

LOUIS MILLER, Appellant, v. GUSTAVE LICHT, Respondent.

LOUIS MILLER, Appellant, v. SAM LICHT, Respondent.

ISIDOR STEIN and Another, Copartners Doing Business under the Firm Name of and as STEIN & COOPERMAN, Appellants, v. GUSTAVE LICHT, Respondent.

ISIDOR STEIN and Another, Copartners Doing Business under the Firm Name of and as STEIN & COOPERMAN, Appellants, v. SAM LICHT, Respondent.

*Depositions — examination of defendants before trial — notice of examination should not be vacated on ground that it might tend to incriminate defendants — right to refuse to incriminate oneself is personal and can be claimed only on examination.*

Appeals from orders of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on May 19, 1925, granting defendants' motions to vacate plaintiffs' notices for examination of defendants before trial.

PER CURIAM. This court has consistently held that the claim that an examination before trial ought not to be had because it might result in compelling the witness to give evidence against himself, is not a proper ground for denying the examination. The right to refuse to incriminate oneself is a personal right and must be claimed at the time the questions are asked. (*Niehoff* v. *Star Co.*, 134 App. Div. 473; *Bioren* v. *Canadian Mines Co.*, 140 id. 523; *Peterson* v. *Fowler*, 143 id. 282; *Ryan* v. *Reagan*, 46 id. 590.) The orders appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Finch, McAvoy and Martin, JJ. In each case: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The date for the examination to proceed to be fixed in the order. Settle order on notice.