JOSEPH TOBIAS, Trading under the Name and Style of THE NATIONAL IMPORTING COMPANY, Plaintiff, *v.* NORTH AMERICAN IMPORTING CO., INC., and Others, Defendants.*

Supreme Court, Kings County, May —, 1928.

---

* Affd., 225 App. Div. 699.

*Emil Weitzner,* for the plaintiff.

*Jacobs & Blumenstiel,* for the defendants David Rossman and Nathan Lachoff.

LEWIS, J. Defendants oppose this application for examination before trial because the information sought to be elicited as to items 4 to 10 would tend to incriminate them. They urge that *People's Coat, Apron & Towel Supply* v. *Light* (168 App. Div. 142) and *Baar* v. *U. S. Fidelity & Guar. Co.* (206 id. 412) support the claim that a litigant will not be compelled to submit to examination and be there forced to claim his privilege unless there are matters concerning which he will be called upon to testify that will have no tendency to incriminate him. In the *People's Coat, Apron & Towel Supply* case the court cited *Ely* v. *Perkins* (57 Misc. 361). The court's attention, however, was not called to the fact that in a subsequent opinion in the *Ely* case (127 App. Div. 823), which is substantially a reversal of the former order, the court stated: " The case was here on appeal from a former order [reported 121 App. Div. 893]. This question was not then passed upon," and the rule was announced that the better time to raise the question of privilege is when the examination is had. The record in the *Baar* case likewise discloses that the attention of the court was not called to the later decision of the *Ely* case. It is, therefore, apparent that neither of the cases cited can be regarded as authority for the proposition urged. That conclusion is fortified by the opinion in *Heit & Weisenthal, Inc.,* v. *Licht* (218 App. Div. 753), in which the court said that it has been consistently held that the claim that an examination before trial ought not to be had because it might result in compelling the witness to give evidence against him is not the proper ground for denying the examination. The right to refuse to incriminate oneself is a personal right and may be claimed at the time the questions are asked. The objections to items 1, 2 and 3 are without force. Motion for examination is, therefore, granted.