■ TORMOD LANGEMYR, Doing Business as TOM CARPENTRY CONSTRUCTION COMPANY, Appellant, v. PATRICK J. CAMPBELL, as President of Local Union 964, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Respondent. In the Matter of the Arbitration between LOCAL UNION No. 964, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, Respondent, and TORMOD LANGEMYR, Doing Business as TOM CARPENTRY CONSTRUCTION COMPANY, Appellant.— Two orders of the Supreme Court, Rockland County, dated October 26, 1966 and October 31, 1966, respectively, the first dismissing plaintiff's cause of action and the second confirming an arbitration award, affirmed, with one bill of costs. A respondent in an arbitration proceeding (here the appellant) who is under indictment with respect to the same subject matter as is involved in the proceeding is not entitled as a matter

of constitutional right under the Fifth and Fourteenth Amendments of the Constitution of the United States to an adjournment of the proceeding until the indictment is dismissed and until there is no possibility of another indictment. In this case, appellant suffered no penalty by reason of the denial of an adjournment. To the contrary, he was allowed to and did invoke the Fifth Amendment at the arbitration hearing, and thus compelled petitioner to make out its case with independent proof and without the assistance of appellant's books and oral testimony. *Spevack* v. *Klein* (385 U. S. 511), wherein the penalty was disbarment, and *Garrity* v. *New Jersey* (385 U. S. 493), wherein the penalty was forfeiture of a position as police officer and a pension, do not apply to this case. The situation here is analogous to those in *Heit & Weisenthal* v. *Licht* (218 App. Div. 753) and *Tobias* v. *North Amer. Importing Co.* (133 Misc. 474, affd. 225 App. Div. 699), wherein the plaintiffs were granted pretrial examinations of the defendants despite the claim that such examinations might result in the defendants being compelled to incriminate themselves. Ughetta, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.