OPINION OF THE COURT
Seymour Friedman, J.
In this case the Commissioner of Social Services of the City of New York, who is the assignee of the petitioner, is seeking to declare the respondent, C. C., the father of the infant herein. It has been the practice of the commissioner to warn— indeed — threaten the mothers of infants receiving aid. The mothers are told, in cases where they receive welfare benefits, that if they refuse to "co-operate” with the commissioner’s office in the prosecution of these actions their benefits would be cut off. In the first instance, in no way may the commissioner cut off benefits to children. Insofar as benefits to a mother, while the mother may be sanctioned by deprivation of these benefits if she fails to co-operate, she may refuse to cooperate if she shows good cause. This court rules that when such a mother is in court and states that she will refuse to *486 testify under the Fifth Amendment because her testimony would tend to degrade her and after the court receives her elaboration on why such testimony would tend to degrade her; that is, for instance, having sex with a married man, being raped, being involved in . a sordid sexual act, or even in the revelation of intimate details about the act itself that allegedly led to conception, it is, in this court’s opinion, good cause for refusal to testify on the grounds that such testimony would tend to degrade the witness. As a matter of fact refusal to testify about one’s intimate sex life, alone, is good cause.
Accordingly, the court allows the witness to plead the Fifth Amendment and excuses her from testifying. Naturally, without her testimony the Commissioner of Social Services can proceed no further and the matter is dismissed.