In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of LYNETTE J., Appellant, v CHARLES A. C., Respondent.—In three consolidated paternity proceedings, petitioner appeals from an order of the Family Court, Queens County, dated December 5, 1978, which dismissed the petitions. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing, before another Judge. The Commissioner of Social Services instituted the instant proceeding on behalf of the children's natural mother pursuant to sections 132-a, 349-b and 352-a of the Social Services Law. The second-cited section of said law requires the mother to cooperate in establishing paternity by appearing as a witness at judicial hearings (see 45 CFR 232.12 [b] [2]), "except that [she] shall not be required to cooperate in such efforts in cases in which the social services official has determined, in accordance with criteria, including the best interests of the child, as established by regulations of the department consistent with federal law and regulations, that [she] has good cause to refuse to cooperate" (see Social Services Law, § 349-b, subd 1, par [b]). Although no such finding was made by the social services official nor was such a claim advanced prior to the hearing, the court excused the mother from testifying before any questions were posed to her. The court reasoned that she had good cause not to testify since her testimony would likely be self-degrading and thereby violative of her Fifth Amendment privilege against self-degradation. The court then dismissed the proceeding, *sua sponte,* holding that the Commissioner of Social Services could not make out a prima facie case without the mother's testimony. We disagree with the court's conclusion that the mother was privileged not to testify. It has long been established that the Fifth Amendment to the United States Constitution only extends a privilege to one whose testimony may expose him to prosecution for crime. "It is not declared that he may not be compelled to testify to facts which may impair his reputation for probity, or even tend to disgrace him, but the line is drawn at testimony that may expose him to prosecution" *(Hale v Henkel,* 201 US 43, 66-67). Moreover, "There is no rule, other than CPLR 4504 (subd. [c]) which excludes evidence of facts material and relevant to the issue because involving disgrace *(Turnpike-Road Co. v. Loomis,* 32 N. Y. 127, 137; *Gould v. Gould,* 201 App. Div. 674; see *Lohman v. People,* 1 N. Y. 379; 8 Wigmore, Evidence [McNaughton Rev.], §§ 2215, 2255)" *(Tinney v Neilson's Flowers,* 61 Misc 2d 717, 719-720). Finally, the court erred, in any event, in granting the Fifth Amendment privilege before any questions were asked. The privilege may only be claimed when objectionable questions are posed. Titone, J. P., Cohalan, Martuscello and Gibbons, JJ., concur. [97 Misc 2d 485.]