■ In the Matter of SOFIA L. FIGUEROA, Respondent, v SALVADOR FIGUEROA, Appellant.—Order, Family Court, Bronx County (Jeffrey H. Gallet, F.C.J.), entered July 1, 1988, which adjudged respondent-appellant husband in contempt for willfully violating orders of protection of the same court and committed him, following a hearing, to the Commissioner of Correction for a period of six months, unanimously reversed, on the law, and the matter remitted to the Family Court for rehearing, without costs.

After testifying in his own behalf at the hearing held to determine whether he had violated an order of protection, respondent called Edwin Rivera Vargas, who testified that he was working at a grocery store with respondent at the time the petitioner claimed she saw respondent outside her home

in violation of an order of protection issued by the Family Court. Since Vargas was the subject of a criminal complaint brought by the petitioner, the court advised him of his right to remain silent and informed him that he could be subjected to cross-examination about the incident which formed the basis of the petitioner's complaint.

In response to the court's questioning, Vargas stated that he would not answer questions concerning the incident with the petitioner. The court then ruled that it would not compel the witness to testify since it presumed that Vargas would exercise his Fifth Amendment privilege if questioned about the incident. Counsel for respondent suggested that the court wait for the attorneys to pose questions to the witness before excusing him and allow him to invoke his privilege at the time an answer would tend to incriminate him. The court rejected counsel's suggestion and excused the witness before any questions were posed. The court thereafter determined that respondent had violated the order of protection and committed him to the Commissioner of Correction for a period of six months.

We agree with respondent that in prematurely excusing the witness, the Family Court deprived respondent of the opportunity to present his alibi defense. A respondent brought before the court for failure to obey an order of protection must be afforded a hearing conducted in accordance with due process, including the opportunity to present witnesses in rebuttal to the evidence introduced by petitioner (Family Ct Act § 846-a; *Matter of Ryan v Ryan,* 42 AD2d 733; *Matter of Anderson v Anderson,* 25 AD2d 512). It is well settled that the privilege against self-incrimination may not be asserted or claimed in advance of questions actually propounded *(People v Laino,* 10 NY2d 161, *appeal dismissed and cert denied* 374 US 104; *Matter of Commissioner of Social Servs. v Charles A. C.,* 72 AD2d 770; *Niehoff v Star Co.,* 134 App Div 473). Since the Family Court excused the witness before any questions were posed, the matter must be remitted for a new hearing.

We would also note that we do not condone the practice of assigning a different lawyer to represent respondent at each of his appearances in court *(see, People v Thompson,* 47 Misc 2d 893). However, the record reveals that respondent received meaningful representation from each of the attorneys assigned to represent him in this matter *(People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). The decision to assert an alibi defense instead of, or in conjunction with an insanity defense, was a reasonable trial tactic in light of

respondent's indication to the court that his medical problems were being controlled by medication. Advancing only the alibi defense also reflected a strategy based on the evidence available to support both theories and a decision not to confuse the jury with multiple, and possibly conflicting, defenses. "It is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" *(People v Satterfield, supra,* at 799-800; *see also, People v Rivera,* 71 NY2d 705). Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.