JOSEPH A. L. BLEK, Plaintiff, *v.* BERT KIRKMAN, as President of Local Union No. 3, International Brotherhood of Electrical Workers, Defendant.

Supreme Court, New York County, July 25, 1933.

*Maximilian L. Blek*, for the plaintiff.

*Walsh & Stern*, for the defendant.

COHN, J. For alleged misconduct at a meeting the plaintiff, a member of Local Union No. 3, International Brotherhood of Electrical Workers, was, pursuant to a provision in the constitution of the union, suspended from attendance at all meetings for a period of ninety days. No charges in writing were filed against the plaintiff, no copy of any charges was served upon him and he was accorded no trial before his summary punishment. Concededly, the by-laws of the union required no such notice or hearing. Plaintiff claims that the clause in the fundamental law of the union under which he was suspended, in its failure to provide for notice

of charges and a reasonable opportunity to be heard, is void and that his suspension thereunder is unlawful. He prays for a judgment declaring the suspension null and void and decreeing as unconstitutional and void the provision of the constitution which empowers the president of the union to suspend him.

Where valuable rights are at stake, justice requires the giving of notice of charges and a hearing to a member upon whom an organization desires to impose disciplinary measures. This requirement exists independently of any provision to that effect in the organic law of the organization and any by-law which assumes to dispense with notice and hearing is unreasonable and void. To warrant relief by a court of equity, the rights of which the member of a trade union is deprived must be property rights, such as the right to secure employment, or an interest in the general funds of the organization or the right to participate in certain death benefits. Equity will also enjoin " denial to a member of privileges of membership (in a union) where the denial, if continued, will work irreparable injury." (*Simons* v. *Berry*, 240 N. Y. 463, 465; *Rodier* v. *Huddell*, 232 App. Div. 531; *Kehoe* v. *Leonard*, 176 id. 626, 629; *People ex rel. Holmstrom* v. *Independent Dock Builders Benevolent Union*, 164 id. 267; *Williamson* v. *Randolph*, 48 Misc. 96.)

However, where the rights forfeited are personal in their nature and involve no property interest, the enforcement of rules and regulations governing relations and privileges of membership is left to the association itself. Under such circumstances equity will not interfere. (Martin, " The Modern Law of Labor Unions " [Ed. 1910], §§ 288, 316; *O'Brien* v. *Musical Mutual P. & B. Union*, 64 N. J. Eq. 525; *Rigby* v. *Connol*, [1880] L. R. 14 Ch. Div. 482, 487; *Baird* v. *Wells*, [1890] 44 Ch. Div. 661, 675.)

Upon the admitted allegations in the pleadings, there is no means of determining whether the suspension of which the plaintiff complains involves any property rights or will visit upon him irreparable injury, or whether the rights are purely personal in nature, concerned merely with the regulation of the internal affairs of the trade union. Proof to be adduced at a trial may establish that the rights of which the plaintiff has been summarily deprived are of such a character as will justify the exercise of judicial interference. On the pleadings submitted, however, the court is unable to indulge in any such presumption. Motion is, therefore, denied.