In the Matter of the Application of MICHAEL BALTER, Petitioner, for a Peremptory Mandamus Order against EMPIRE STATE MOTION PICTURE OPERATORS UNION, INC., Respondent.

Supreme Court, Special Term, Kings County, February 15, 1938.

*D. Benjamin Mason,* for the petitioner.

*Michael F. Longo,* for the respondent.

FURMAN, J. Petitioner seeks a peremptory order of mandamus to restore him as a member of the executive board of the union in which he is a member. Petitioner has not been suspended from membership in the union. He has not been deprived of the right to earn a livelihood. It appears from the papers that, as a member of the union, he was elected to membership on the executive board of the union. It does not appear that membership on the board carried with it any salary or that it was other than a position of trust and confidence. The court is loath to interfere in the internal affairs of such bodies unless substantial rights of the parties have been wrongfully interfered with. The petitioner has been voted off the board by a majority of the members present at a regular meeting, after charges in writing had been filed and he had been supplied with a bill of particulars, upon his request, as required by the constitution and by-laws. He suggests the meeting was packed by members of the opposition. A new member of the board must be elected. It does not appear that the petitioner cannot be a candidate and secure complete vindication and reinstatement at a meeting where all the members are present. Where rights affected

are personal and involve no property interests, equity will not interfere. (*Blek* v. *Kirkman*, 148 Misc. 522.)

Civil Practice Act, section 1285, subdivision 4 (as added by Laws of 1937, chap. 526) requires the petitioner to exhaust all remedies, by appeal or otherwise, within his union. This he has failed to do. (Petition, § 25.) Motion denied.