William C. Brennan, J.
This is an article 78 proceeding in the nature of mandamus for an order directing the respondents to immediately reinstate the petitioners to their respective classes at Benjamin N. Cardozo High School (hereinafter referred to as 'Cardozo High School) until the disposition of criminal charges pending against them.
On April 8, 1970 the petitioners, students of Cardozo High School, allegedly committed certain acts against the principal, Benjamin Michaelson, after which they, together with 36 others, were suspended. They were also arrested and criminal charges were lodged against them.
The petitioners contend that by statute they are accorded an unqualified right to attend a public school in the City of New York (Education Law, § 3202, subd. 1); that they were suspended from Cardozo High School on April 8, 1970; that the Education Law (§ 3214, subd. 6, par. c) provides: “ No pupil may be suspended for a period in excess of five school days unless such pupil and the person in parental relation to such pupil shall have had an opportunity for a fair hearing” that the respondents have refused to reinstate the petitioners to Cardozo High School without first holding a hearing; that because of the pending criminal charges petitioners cannot participate in such hearing without forfeiting the privilege against self incrimination guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and that the *931 arbitrary imposition of penalties.-for assertion of constitutionally protected rights is a denial of due process. Accordingly, the petitioners seek immediate reinstatement to Cardozo High School pending the disposition of the outstanding criminal charges.
In opposition, the respondents contend that in the light of petitioners’ actions, namely, entering the office of the principal of Cardozo High School, refusing to leave that office when requested, locking and blockading all the doors to the office, physically preventing the principal from leaving and threatening him with bodily harm, the respondents, in compliance with subdivision 6 of section 3214 of the Education Law lawfully suspended the petitioners. The suspension was continued only after the petitioners were granted several opportunities to participate in a hearing, which they refused. Further, that to reinstate them without such a hearing would violate the procedures outlined in the Education Law and would pose a serious threat of continuing violence and disorder.
In order to settle the matter without further disruption, the respondents have offered petitioners immediate placement- in other nearby high schools and informed them that certain administrative procedures would be taken with regard to petitioners’ records so as to avoid any possible stigma to them. The offer has been refused.
CPLR 7801 provides in part: “ Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination:
“ 1. which is not final or can be adequately reviewed by appeal to a court or to some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner’s application ”.
In the case at bar, the statute (Education Law, § 3214, subd. 6) sets forth the procedural requirements that must be followed upon suspension of a student. Specifically, paragraph c provides in part: “No pupil may be suspended for a period in excess of five school days unless such pupil and the person in parental relation to such pupil shall have had an opportunity for a fair hearing, upon reasonable notice, at which such pupil shall have the right of representation by counsel, with the right to question witnesses against such pupil. Such hearing shall be held before the superintendent of schools if the suspension was ordered by him. An appeal to the board of education shall lie from his decision upon such hearing.”
*932 It is clear that in view of the facts herein and a reading of these two sections, petitioners have failed to exhaust their administrative remedies and have not followed the procedures outlined by statute. (Cf. Matter of Donaldson v. Brown, 24 A D 2d 714; Matter of Bruns v. Suffolk County Civ. Serv. Comm., 56 Misc 2d 925; Matter of Cosme v. Board of Educ. of City of N. Y., 50 Misc 2d 344, affd. 27 A D 2d 905, app. den. 19 N Y 2d 972; Matter of Balter v. Empire State Motion Picture Operators Union, 167 Misc. 430; Harmon v. Matthews, 27 N. Y. S. 2d 656.) The contention that the petitioners cannot obtain a ‘‘ fair hearing ” as prescribed by statute (Education Law, § 3214, subd. 6), because they will not testify, cannot stand. There were 36 students, other than the petitioners, who were involved in the incident and each one of them can testify as to the events which occurred on April 8, 1970. Further, the petitioners have the right to cross-examine any witness against them and be represented by counsel. It may well be possible, even without the petitioners’ testimony, that they can convince the Superintendent of Schools or, subsequently, the Board of Education, on appeal, that the suspension is without merit. If the petitioners are unsuccessful at the termination of the administrative proceedings they may bring on another article 78 proceeding based on the contentions made in this proceeding or on other grounds.
Since the petitioners have raised constitutional questions, the court will discuss their contentions. Petitioners contend that they are caught in an impossible whipsaw in that to proceed with the statutory hearings would be a denial of their privilege against self incrimination while, if they refuse to participate in the hearings, they would be denied their right to an education. In support of this contention, they have cited several cases, all of which are inapplicable to the present situation. The case primarily relied on is Matter of Goldwyn v. Allen (54 Misc 2d 94) which held that where severe sanctions may be imposed upon a student there must be a hearing to ascertain the truth of the charges, at which time the petitioner may defend himself with the assistance of counsel. Further, the Goldwyn case (supra, p. 100) limits itself to “ the factual context of the regents examinations and the rules and regulations governing those examinations ”. In this case, the petitioners have been offered a hearing, at which they may be assisted by counsel, and have refused to participate. Needless to say, this is quite a different situation than Goldwyn (supra).
The cases of Gardner v. Broderick (392 U. S. 273), Sanitation Men v. Sanitation Comr. (392 U. S. 280), Garrity v. New Jersey (385 U. S. 493) and Spevack v. Klein (385 U. S. 511) are also *933 inapposite. In the court’s opinion, the cases of Langemyr v. Campbell (27 A D 2d 942, affd. 21 N Y 2d 796, mod. 21 N Y 2d 969, cert. den. 393 U. S. 934) and Oleshko v. New York State Liq. Auth. (29 A D 2d 84, affd. 21 N Y 2d 778) are controlling. In the Langemyr case (supra) a respondent in an arbitration proceeding was also a defendant in a criminal proceeding arising out of the same transaction. The respondent sought an adjournment of the arbitration proceeding until final disposition of the indictment on the ground that to deny such relief would violate his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution. The court rejected petitioners’ contention, stating that the situation is analogous to those cases wherein plaintiffs were granted pretrial examinations of defendants despite the claim that such examinations might result in the defendants’ being compelled to incriminate themselves. (Heit & Weisenthal v. Licht, 218 App. Div. 753; Tobias v. North Amer. Importing Co., 133 Misc. 474, affd. 225 App. Div. 699.) In the Oleshko case (supra) the court was asked to grant a prelimnary injunction enjoining the State Liquor Authority from proceeding with a hearing to revoke a liquor license on charges growing out of the same facts which gave rise to a criminal indictment. The court refused to grant the injunction, stating (p. 87): “ In the case at bar respondent has expressed fear of loss of constitutional rights and of prejudice if appellant proceeds with the hearing but there is no satisfactory showing of how he may be injured. The difficulty with respondent’s position is that he asks the court to assume that the Authority will violate his constitutional rights when it conducts the hearing. This we may not do.”
Further, if the petitioners’ contentions were carried to their logical conclusion, it would result in the absurd situation wherein a student who violated a rule or regulation short of the commission of a crime could be suspended after a hearing for a period greater than five days, while one who committed a serious crime on school property, be it assault, arson, attempted murder, etc., could not be suspended for more than five days and would be entitled to attend school until there was a disposition of the criminal charges. Such a situation cannot be condoned by this court.
Accordingly and for the reasons stated herein the application is denied and the petition dismissed.